[No. 3473.   Decided March 21, 1900.]

CHARLES H. FRYE, *Respondent*, v. HERMAN MEYER, *Appellant*.

ACTION ON NOTE—DEFENSES—PLEADING.

The answer to an action upon a promissory note states no defense when it sets up that in order to secure the note the maker executed an absolute conveyance of certain tide lands to the payee, but intended only as a mortgage, which lands the payee had an opportunity to sell and apply the proceeds on the note, but neglected so to do, although requested by the maker,

when the answer contains no allegation of an agreement by the payee to sell the land upon the maker's request.

MORTGAGES—REMEDIES OPEN TO MORTGAGEE.

In the absence of agreement a mortgagee is under no obligation to proceed otherwise than to foreclose the mortgaged premises in due course of law and apply the proceeds to the debt; or he may elect to abandon the mortgage and sue upon the note alone.

Appeal from Superior Court, King County. — Hon. E. D. BENSON, Judge.     Affirmed.

*Ballinger, Ronald & Battle,* for appellant.
*Piles, Donworth & Howe,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Respondent (plaintiff) brought his action . against appellant (defendant), alleging the execution of a note by appellant, payable to respondent, dated February 10, 1894, for the sum of $2,100, principal due one year from date, with interest at 10 per cent. per annum, and alleging the non-payment of said note, except the payment of $356.86.     Defendant appeared and answered, admitting the execution of said note and alleging: That at the time of the execution of said note defendant made, executed, and delivered to plaintiff a conveyance in writing, conveying to plaintiff the following property situate in the city of Seattle, King county, Washington, viz.: Commencing at a point $62\frac{1}{2}$ feet south of the intersection of the line of Commercial street with the south line of Plummer street, in the city of Seattle; running thence east 256 feet; thence south $62\frac{1}{2}$ feet; thence west 256 feet; thence north $62\frac{1}{2}$ feet, to the place of beginning,—which land is and was tide land; that, notwithstanding said conveyance is an absolute deed, the same was intended by and between the plaintiff and defendant to be a mortgage given to secure payment of said note; thereafter, and after platting of the Seattle tide lands, plaintiff, as the owner and

holder of the legal title to said property, duly made and filed his application to purchase the same; that, after the conveyance of said property as aforesaid by defendant to plaintiff, plaintiff was offered, and could have sold said property for, an amount equal to the amount of said note, and defendant requested plaintiff to sell and dispose of the same and apply the proceeds of the sale to the payment of said note; but plaintiff wilfully and wrongfully refused and neglected to sell and dispose of the said property. Defendant further alleged that, through the omission and negligence of plaintiff, he failed and neglected to procure an award of the said land to him under his said application to purchase the same, whereby defendant was damaged in an amount equal to the amount of said note. Plaintiff interposed a general demurrer to said defense, which was sustained; and, defendant electing to stand upon his said answer, the court thereafter rendered a judgment in favor of plaintiff against the defendant for the sum of $3,140.10, the amount of principal and interest and attorney's fees payable by the terms of said note, together with the costs of said action. From this judgment defendant appealed.

We do not think the answer states a defense to the complaint. It is alleged by the answer that the deed was intended as a mortgage to secure the payment of the note. There is no allegation that there was any agreement on the part of the respondent that he would perfect title to the land from the state, that he would obtain an award of the same, or that he would even apply for it, or that he would do anything in the premises. There is no allegation of agreement to sell the land upon appellant's request, and in the absence of agreement a mortgagee is under no obligation to proceed otherwise than to foreclose the mortgaged premises in due course of law and apply the proceeds to the debt. Indeed, he may elect to abandon the mortgage and sue upon the note alone. All this over and above

the more technical objections urged, that in this case it was not alleged that the request to sell the property was made after the note was due, and the right of the respondent to receive interest on his loan was still in existence. Neither is there any sufficient allegation of damages. The whole answer, admitted to be true, shows a statement of facts entirely too loose and disjointed to impose any other legal duty upon the respondent than is imposed by law upon an ordinary mortgagee.

The second affirmative defense is not urged in this court.

Affirmed.

GORDON, C. J., and REAVIS and FULLERTON, JJ., concur.