S. L. CONKLIN v. ELSBETH STACKFLETH *et al.*

No. 12,662. (69 Pac. 194.)

1. MORTGAGE—*Foreclosure—Pleading.* Petition examined in a foreclosure proceeding and found sufficient as against a demurrer on the ground that it did not state the facts necessary to constitute a cause of action.

2. ――――― *Separate Actions on Separate Mortgages.* Where two promissory notes are secured by separate mortgages, and a third mortgage on other property is given "to secure any deficiencies there might remain on the aforesaid notes after the judicial sale of the properties and tracts described in the mortgages foreclosed," the proper practice is to foreclose the first two mortgages, and then foreclose the third one in a separate action, if there be deficiency judgments after the judicial sales.

Error from Douglas district court; SAMUEL A. RIGGS, judge. Opinion filed June 7, 1902. Reversed.

*W. J. Patterson,* and *Bishop & Mitchell,* for plaintiff in error.

*Brownell & Poehler,* and *S. C. Russell,* for defendants in error.

*Per Curiam:* Two promissory notes were executed evidencing a debt due from their makers, secured by separate mortgages. At the same time a third mortgage was executed on other property to secure these two notes. Separate actions were brought to foreclose the first two mortgages. These actions proceeded to judgment of foreclosure and for a sale of the respective parcels of real estate. In each of the actions, after a sale of the real estate, there remained a deficiency judgment. Thereupon this action was brought by the judgment creditor, setting up the fact of the former actions, the amount of the deficiency judgments, the giving of the third mortgage, and the petition alleged :

"That said mortgage was given to secure any deficiencies there might remain on the aforesaid notes, after the judicial sale of the properties and tracts described in the mortgages foreclosed, as hereinbefore set forth."

The petition contained the prayer that the plaintiff might be decreed to have a first lien on the real estate described in the mortgage to secure the amounts of such deficiencies, and for judgment for the sale of the real estate, but did not contain a prayer for a personal judgment for the amounts of such deficiency judgments. The defendants filed a demurrer on the sole ground that the petition did not state facts sufficient to constitute a cause of action, which was sustained by the court, and this action is now here for the purpose of reviewing this ruling.

The court was in error in sustaining the demurrer. While the prayer of the petition did not ask a personal judgment, yet the facts stated were sufficient to entitle the plaintiff to that much relief, at least.

Further, we are of the opinion that under the allegations of the petition the plaintiff was entitled to a foreclosure of the mortgage. The allegation which we have quoted above is clear and distinct that the mortgage was given to secure these deficiences sued for. But it is claimed that, inasmuch as the mortgage contains the provision that it was given to secure the notes, these allegations are contradictory in their character, and, the rule of pleading being that contradictory allegations must be taken most strongly against the pleader, the construction must be that the mortgage was given to secure the notes and not the deficiency judgment. We hardly think the allegations are inconsistent. It would be a very natural and reasonable thing for one seeking to secure the balance of a judgment remaining unpaid after a foreclosure of a mortgage securing notes to speak of the same as being given to secure the notes. While this unpaid balance is now in judgment, at the same time it is no great misnomer to speak of the same as due on the notes, and we might reasonably expect it so to be described, especially when mentioning the matter long before any judgment was rendered.

It is also suggested that the action cannot be maintained for the reason that the plaintiff should have combined it with the former ones, and, having failed to do so, and thereby splitting up his causes of action, he cannot now maintain this one. Granting, for the purpose of the argument, that the demurrer raises this question, we think the point not well taken. It may be doubted whether, where a mortgage is given

Conklin v. Stackfleth.

for the purpose as alleged in this petition, an action may be maintained to foreclose the same prior to the ascertainment of the deficiency. A defendant in such an action might well urge that it should not be maintained until it was ascertained that there was a deficiency. Admitting, however, that all of these actions might have been joined, still we do not think any of them were defeated by their not being so joined.

We are of the opinion that the court should have overruled the demurrer and taken further proceedings in the case, and for this purpose the judgment will be reversed and the case remanded.

DOSTER, C.J., JOHNSTON, CUNNINGHAM, ELLIS, JJ.