[No. 10321.   Department One.   February 8, 1913.]

CITIZENS NATIONAL BANK OF SEATTLE, *Appellant*, v. E. A. ABBOTT, *Trustee in Bankruptcy, Respondent*.[1]

MORTGAGES—FORECLOSURE—VENUE — SEPARATE MORTGAGES — ELECTION—WAIVER.   Separate mortgages given upon land in separate counties, each securing a specific portion of one promissory note, are not given to secure the same debt, for the purposes of foreclosure, where a personal judgment is not sought, since the separation for the purposes of foreclosure makes each a separate debt and foreclosure thereof local to the county in which the land is situated; hence a foreclosure of one mortgage in one county does not waive the right to foreclose the other in a separate action.

SAME—FORECLOSURE OF SEPARATE MORTGAGES—COMPLAINT—PRAYER FOR PERSONAL JUDGMENT—ABANDONMENT—EFFECT.   In such case, a prayer for personal judgment in the first action does not waive the right to foreclose the other mortgage, where such prayer was abandoned with a view of prosecuting the second suit, and no personal judgment was entered.

SAME—DECREE—RES JUDICATA.   A personal judgment on a note secured by mortgage, is not *res judicata* or a bar to a subsequent action to foreclose the lien of the mortgage.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered April 1, 1912, in favor of the defendant upon the pleadings, in an action to foreclose a mortgage.   Reversed.

*S. A. Keenan* and *John Truax*, for appellant.

*Leopold M. Stern, Edgar C. Synder*, and *Adams & Naef* (*J. W. Russell*, of counsel), for respondent.

PARKER, J.—This is an action to foreclose a mortgage upon land in Adams county, which, with another mortgage upon land in King county, was executed by Wigmore & Cummings, a corporation, to secure an indebtedness of $10,800, evidenced by one promissory note given by it to the Citizens National Bank of Seattle.   Wigmore & Cum-

[1]Reported in 129 Pac. 1085.

mings having been adjudged bankrupt, the controversy here
is between the bank and E. A. Abbott, the trustee in bank-
ruptcy.   Judgment was rendered in favor of the trustee,
denying the foreclosure prayed for, upon his motion therefor
rested upon the facts disclosed by the pleadings alone.  From
this disposition of the cause, the bank has appealed.

The facts appearing in the pleadings, necessary for us to
notice here, consisting of the complaint, answer, and reply,
may be summarized as follows:  The complaint alleges the
indebtedness, the execution of the note as evidence thereof,
and also:

"That at the same time and place and for the purpose of
further securing said indebtedness, said defendant Wigmore
& Cummings duly executed to said H. O. Shuey & Co., in
trust for plaintiff, a mortgage upon the following described
real estate situate and being in the county of Adams and
state of Washington to wit:  . . .   Among other things
in said mortgage is was provided that if the first party should
pay or cause to be paid the sum of fifty-four hundred dollars
($5,400) on said promissory note at the maturity thereof,
then, and in that event, said mortgage or conveyance should
be void, otherwise to remain in full force and effect; and also
provided that in case of failure to keep any of the covenants
in said mortgage or to pay the interest on said note or to
pay the said amount of fifty-four hundred dollars ($5,400)
on or before April 23rd, 1911, then the whole debt, at the
election of said mortgagee, might declare the whole debt due
and payable and proceed with the foreclosure of said mort-
gage as provided by statute;  . . .   That there is now
due and payable on said indebtedness the sum of ten thou-
sand eight hundred ($10,800) dollars, together with inter-
est thereon from January 23rd, 1911, at the rate of eight
(8%) per cent per annum, and there is now due and payable
of said debt and which is secured by said mortgage the sum
of five thousand four hundred ($5,400) dollars and interest
at eight per cent (8%) per annum, payable annually, since
January 23rd, 1911."

The prayer is for foreclosure only, there being no per-
sonal judgment asked for.  The answer of the trustee, after

denial of his knowledge or information as to the principal allegations of the complaint, alleges, as an affirmative defense, facts showing a prior foreclosure by the bank of the mortgage upon land in King county, and the failure on the part of the bank to seek foreclosure of the mortgage upon the land in Adams county in that action, alleging briefly the substance of the complaint and decree in that foreclosure without setting out any copy of either. Replying to this affirmative defense, the bank admits foreclosure by it of the mortgage upon the King county land, setting out in full a copy of both the complaint and decree in that foreclosure. The portions of that complaint with which we are here concerned are, in substance, the same as the complaint in this action, and the provisions of that mortgage are, in substance, the same as the one here sought to be foreclosed, except as to the property covered thereby. There was, however, in that complaint a prayer for personal judgment against Wigmore & Cummings for the whole indebtedness evidenced by the note, in addition to the prayer for foreclosure. The decree in that foreclosure contained, among other things, the following:

"By the terms of which mortgage it was intended to and did secure five thousand four hundred dollars ($5,400) of said principal indebtedness hereinbefore specified; . . . The court finds from said instrument, from the testimony of A. J. C. Wigmore, president of said defendant corporation, and from other evidence that there is now due and payable on said principal indebtedness the sum of ten thousand four hundred eighty-six dollars ($10,486); that the sum of five thousand two hundred forty-three dollars ($5,243) thereof is secured by said mortgage on the property hereinbefore described. And the court further finds that the balance thereof or five thousand two hundred forty-three dollars ($5,243) is secured by another mortgage executed by said defendant corporation at the same time to said H. O. Shuey & Co., as trustee for said bank on 480 acres of land in Adams county in said state. . . . Wherefore, by virtue of the laws and the premises aforesaid, it is ordered, adjudged and

decreed that plaintiff bank have and recover of said defendant corporation by reason of the said indebtedness secured by said mortgage, the sum of five thousand two hundred forty-three dollars ($5,243) . . . It is hereby adjudged and decreed that all and singular the mortgaged premises first above described and situate in the city of Seattle, together with the factory and other improvements thereon, or so much thereof as may be necessary to satisfy the said indebtedness of five thousand two hundred forty-three dollars ($5,243). . . . That out of the proceeds of said sale, the sheriff satisfy the costs and expenses of this suit and apply the balance in payment of said indebtedness to this plaintiff, and the remainder, if any, to be paid to the receiver [trustee] of said defendant heretofore duly appointed."

There does not appear in this record any copy of either of the mortgages, so the question of their relation to each other and of the separateness of the debt or portions of debt they were given to secure, must here be determined from the pleaded facts we have briefly narrated.

Counsel for respondent rest their contentions upon the theory that the mortgages were given to secure the same debt, and therefore constitute in law but one mortgage, although covering land in different counties, and plaintiff, having the right to foreclose as to both pieces of property in the King county action, waived its lien upon the Adams county property by its failure to include it in the King county foreclosure. This, apparently, was also the theory upon which the trial court rested its disposition of the cause.

Our attention is called to *Commercial Nat. Bank v. Johnson*, 16 Wash. 536, 48 Pac. 267, where it was held that two mortgages, one upon land in King county and the other upon land in Kittitas county, given to secure the same debt, should be regarded as one instrument, and that the superior court of either county had jurisdiction to foreclose both of them; and also, to *Dooly v. Eastman*, 28 Wash. 564, 68 Pac. 1039, where it was held that the owner of a mortgage upon two distinct tracts of land, foreclosing against one of them only, waived his right to enforce the mortgage lien against

the other tract. In both of those cases each tract of land involved was pledged as security for the whole of the same debt. This, it may be insisted, is not wholly true in the *Commercial National Bank* case, but it is apparently true in so far as the debt involved in that case is concerned. The other debt which one of the mortgages was given to secure, in addition to the debt involved, seems not to have been involved in that case.

While it is conceded by counsel for respondent that under our law a suit to foreclose a mortgage upon land is local to the county wherein the land lies, they contend that the foreclosure of the mortgages here involved, by reason of their relation to each other, constitute an exception to this rule under the decisions above noticed. The solution of this problem will be found in the correct answer to the question, Were these mortgages given to secure the same debt? since it is manifest that they have no relation to each other except such as may be found in the debt or portions of debt each was given to secure. Looking only to the first part of the allegation of the complaint above quoted, which we have noticed was the same in the King county foreclosure, there appears to be ground for the contention that the mortgages were both given to secure all of the indebtedness evidenced by the one note. But when we look to the special conditions in the mortgages as stated in the complaints, we find that they were each given to secure separately the sum of $5,400, or one-half of the whole debt evidenced by the one note. That the trial court, upon the foreclosure of the mortgage on the King county land, entertained this view, and in effect so adjudicated, is plainly evidenced by the recitals and adjudications in its decree rendered in that foreclosure. While it is true that, for the purpose of an action to recover a personal judgment only, the debt must be regarded as a whole and can be the subject of one action only, we do not think it follows that separate mortgages given upon land in separate counties, each securing a specific separate portion of a debt, can be

said to be mortgages securing the same debt, for the purpose
of foreclosure. The separation of the debt for the purpose
of security in this manner, we think renders each portion
thereof, so far as the security alone is concerned, a separate
debt, and the mortgages having no other relation to each
other, their foreclosure would be local to the county wherein
the land lies; hence the bank did not, by foreclosing the King
county mortgage, waive its right to foreclose the Adams
county mortgage.

Some contention is made rested upon the fact that, in the
foreclosure of the mortgage upon the King county land, the
bank prayed for a personal deficiency judgment. It is mani-
fest, however, from the recitals and adjudications in that
decree, that the personal character of the action and the
relief there sought was abandoned by the bank with a view
to looking to the security furnished by the Adams county
mortgage for the other half of the debt. In that case the
court did not adjudicate that there was then only $5,243
of the debt owing by Wigmore & Cummings, but expressly
found that the whole debt was due and unpaid. No judg-
ment was there rendered upon the whole debt, but only a
decree of foreclosure to the extent of the half thereof secured
by the King county mortgage. It seems plain to us that
that decree was not an adjudication against the bank as to
the portion of the debt secured by the Adams county mort-
gage. But suppose there had been rendered in that case a
personal judgment for the half of the debt not secured by
the King county mortgage. We would then have a situa-
tion not unlike that occurring in *Hanna v. Kasson*, 26 Wash.
568, 67 Pac. 271, where it was held that the fact that a per-
sonal judgment on notes secured by a mortgage had been
rendered would not constitute such judgment *res judicata* in
a subsequent action for the foreclosure of the mortgage lien,
for the purpose of recovering that portion of the debt which
remained unpaid under such a personal judgment.

We are constrained to hold that the judgment of the trial court must be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed. It is so ordered.

CROW, C. J., GOSE, CHADWICK, and MOUNT, JJ., concur.