[No. 17504.   Department Two.   February 7, 1923.]

TACOMA SAVINGS BANK & TRUST COMPANY, *Appellant,* v.
SAFETY INVESTMENT COMPANY *et al., Defendants,*
GEORGE BATES *et al., Respondents,* UNITED STATES
MACHINE & ENGINEERING COMPANY *(now Birch-
field Boiler Company), Intervener and
Respondent.*[1]

MORTGAGES (248)—FORECLOSURE—SEPARATE MORTGAGES—WAIVER—
BAR OF SUBSEQUENT FORECLOSURE.   Two mortgages are not to be
considered as the same mortgage, to be foreclosed in a single action,
but the owner may foreclose the first, without barring a subse-
quent foreclosure of the second for any deficiency remaining, where
the first mortgage to secure a $15,000 note, was upon one tract of
land, the second was upon a distinct tract to secure another $10,000
note due after the first one, and also to secure the $15,000 note.

Appeal from a judgment of the superior court for
Pierce county, Askren, J., entered March 4, 1922, in
favor of the plaintiff as to one tract of land, but deny-
ing foreclosure as to a deficiency judgment upon the
other tract, in an action to foreclose a mortgage.
Reversed.

*Hayden, Langhorne & Metzger,* for appellant.

*Davis & Neal and Arthur F. Hoppe,* for respondents.

MAIN, C. J.—The purpose of this action was to fore-
close two mortgages upon one tract of land.   The trial
resulted in a judgment of foreclosure as to one and the
denial of foreclosure as to the other.   From this judg-
ment, the plaintiff appeals.

The facts are not in dispute, and, so far as is neces-
sary to present the question to be determined, may be
summarized as follows:   On September 7, 1916, the
Safety Investment Company gave its note to the appel-

[1]Reported in 212 Pac. 726.

lant, the Tacoma Savings Bank & Trust Company, for the sum of $15,000, due one year after date, and to secure the payment of the note, executed a mortgage upon lots 4, 5 and 6, in block 12, as the same is designated upon a certain plat entitled "Map of Tacoma City." This will be hereinafter referred to, for the sake of brevity, as the Old Town property. The note was not paid when due and on December 29, 1919, an action was brought to foreclose the mortgage by which it was secured. At this time the interest payments were in default and there was an accumulation of taxes and local assessments which were due and unpaid. That action went to judgment, and on August 7, 1920, the property was sold to satisfy the judgment, and, not bringing enough to liquidate the entire mortgage indebtedness, a deficiency judgment in the sum of $7,501.59 was entered.

As to the other tract or lots of land and the mortgage thereon, the facts are as follows: On August 31, 1918, the Safety Investment Company, being the same company above referred to, mortgaged lots 1 to 6, inclusive, in block 1 of Junction Addition to Tacoma, which will be referred to as the Junction Addition property, to the Tacoma Savings Bank & Trust Company, the appellant, to secure the payment of a note for $10,000, made at the same time as the mortgage. This note, by its terms, was due three years after date, or on August 31, 1921. The mortgage which was given to secure this note contained a provision that it should also secure the $15,000 note above mentioned, as follows: "Also a note for $15,000, dated September 7, 1916, payable in one year with interest at the rate of 7% per annum." Default in the payment of the interest on the $10,000 note secured by the mortgage on the Junction Addition property did not occur until August

31, 1920.   (This was after the sale of the Old Town property under the foreclosure of the $15,000 mortgage.)   After this default in the payment of interest, the mortgagee, the Tacoma Savings Bank & Trust Company, in accordance with the terms of the note, elected to declare the whole sum of principal and in terest due, and thereafter brought the present action to foreclose upon the Junction Addition property for the $10,000 indebtedness, and also for the deficiency judgment which was the result of the prior foreclosure upon the Old Town property.   Judgment was rendered foreclosing as to the $10,000 indebtedness, about which there is here no controversy, and denying foreclosure for the amount of the deficiency judgment which resulted from the foreclosure of the other mortgage upon the Old Town property.   The right to foreclose this mortgage is founded upon the clause in the mortgage upon the Junction Addition property, above quoted, to the effect that it should also secure the note which the mortgage upon the Old Town property was given to secure.

The purpose of the appeal is to review the judgment denying foreclosure upon the Junction Addition property for the amount of the deficiency judgment as the result of the foreclosure of the mortgage upon the Old Town property.   The question is whether the two mortgages are to be considered as the same, or regarded as one instrument.   If they are to be so considered, the judgment of the trial court was right and should be sustained.   If they are not in fact and law the same mortgage, or are not to be regarded as one instrument, then the judgment cannot be sustained.

The general rule is that a decree in a foreclosure action is a bar to a second action for foreclosure upon the same mortgage.   In vol. 27 Cyc., p. 1537, the rule is stated as follows:

"A decree in a foreclosure suit, so long as it remains in full force, is a bar to any second action for foreclosure between the same parties on the same mortgage, although a new action may be instituted to bring in and foreclose a defendant who was omitted through a mistake or ignorance of his claims. But this does not prevent the subsequent foreclosure of a separate mortgage given to secure any deficiency that might arise on the foreclosure of the first."

Another rule is that one who holds several mortgages to secure a single debt may foreclose either of them at his option separately until his debt is satisfied. In *McKinney v. Miller,* 19 Mich. 142, in an opinion written by the late Judge Cooley, it was said:

"One who holds several mortgages as mortgagee, to secure a single debt, may foreclose either of them at his option separately until his debt is satisfied."

It is said, however, that this court has taken a different view in *Commercial National Bank of Seattle v. Johnson,* 16 Wash. 536, 48 Pac. 267, and adopted a rule to the effect that, where two mortgages are given at a different time to secure the same debt and covering different tracts of land, and one of which includes other debts, they are to be regarded as one instrument, and therefore must be foreclosed upon at the same time and in one action. It will be admitted that, if the two mortgages are to be considered the same or regarded as one instrument, they must be foreclosed upon at the same time and in the same action. In the case last cited, there were two mortgages, one upon land in Kittitas county and the other upon land in King county. The Kittitas county mortgage was made at a different time and included debts other than those for which the King county mortgage was given. The holder of both mortgages brought suit to foreclose them in one action in King county. The language of the opinion upon which the respondent here relies is:

"The mortgage upon the lands in Kittitas county secured the same debt that was secured by the King county mortgage, and although it was given at a different time, and included other debts, yet, for the purpose of a foreclosure, we are of the opinion that the two mortgages should be regarded as one instrument, and that the superior court of either county had jurisdiction to foreclose both of them."

The court was there speaking of a case where the plaintiff, by bringing the action upon the two mortgages, had elected to consider them as one instrument, and the effect of the holding is that they should be so regarded for the purpose of foreclosure; but the holding in that case does not reach the ultimate question here to be determined. In the present case, the question arises after one of the mortgages had been foreclosed, and it is claimed that, by failure to embody the two in one action, there was a waiver of the one not embodied in the first action.

In *Conklin v. Stackfleth,* 65 Kan. 310, 69 Pac. 194, it was held, in effect, that, where the mortgagee holds two mortgages upon different tracts of land which secure the same debt, he may treat them as the same and foreclose upon the two in one action, but that he is not required to do so and may, if they are not so included, foreclose upon one and then foreclose upon the other to satisfy any deficiency that existed after the first foreclosure. The question whether the two mortgages involved in *Commercial National Bank v. Johnson,* *supra,* could have been foreclosed in separate actions was not before the court in that case, as above pointed out, and the language there used should not be construed to mean that in every case where the mortgagee holds two mortgages to secure the same debt, he must, at his peril, foreclose on them in one action or lose the right of foreclosure upon the one not so included.

In *Citizens National Bank of Seattle v. Abbott,* 72 Wash. 73, 129 Pac. 1085, separate mortgages were given upon land in different counties, each securing a specific portion of a debt evidenced by one promissory note, and it was there held that, for the purposes of foreclosure, the mortgages did not secure the same debt, and separate foreclosures of the two mortgages were permitted. The language of the opinion in that case must be read in the light of the question which the court was there considering. Had the court found that the two mortgages secured the same debt instead of each securing a specific portion thereof, the exact question which is here presented would have been before the court in that case.

In *Dooly v. Eastman,* 28 Wash. 564, 68 Pac. 1039, it was held that, where one holding a mortgage upon two distinct tracts of land foreclosed against one of them only, he thereby waived any right to subsequently foreclose against the other tract; the reason being that, by the first foreclosure, the mortgage was merged in the judgment and a subsequent action could not be maintained upon it. If the appellant's two mortgages, one upon the Old Town property and the other upon the Junction Addition property, are to be regarded as the same instrument, then the appellant was in this position when it began foreclosure of the mortgage upon the Old Town property. The $15,000 indebtedness secured by that mortgage was long past due. Interest had accumulated and was unpaid, and taxes and assessments were due and delinquent. The $10,000 indebtedness, secured by the mortgage upon the Junction Addition property, was not then due. If the two mortgages are to be considered as one, then the appellant would have been required to wait, before foreclosing upon the Old Town property, with the interest, taxes and assessments accumulating, until after the $10,000 indebted-

ness became due; or, if it proceeded to foreclose upon the Old Town property, it thereby waived its right to subsequently, after the $10,000 indebtedness became due, foreclose upon the Junction Addition property for that debt. There would be no escape from this result, applying the doctrine of the *Dooly* case that by foreclosure the mortgage was merged in the judgment, and construing the *Commercial National Bank* case as requiring in all cases where two mortgages on different tracts of land are given to secure the same debt to be regarded as one instrument, and if not foreclosed upon in the same action, that the right to foreclose the second one would be lost. But, as already pointed out, neither the *Commercial National Bank* case nor the *Citizens National Bank* case has gone this far. The appellant was not required to treat the Old Town and Junction Addition mortgages as one instrument and bring foreclosure upon them in one action. Such was obviously not the intention of the parties at the time the Junction Addition mortgage was executed. Neither the facts nor the law require a holding that would have compelled the appellant to have waited, before foreclosing the Old Town mortgage, until the $10,000 note secured by the Junction Addition property should become due before foreclosure could be instituted, or, in the alternative, lose the right to foreclosure upon the security for the $10,000 indebtedness.

The judgment will be reversed, and the cause remanded with directions to the trial court to enter a judgment for the appellant.

FULLERTON, PARKER, and TOLMAN, JJ., concur.