[No. 20139.   Department Two.   February 1, 1927.]

NEW AMSTERDAM CASUALTY COMPANY, *Respondent,* v.
P. FRAZIER *et al., Appellants.*[1]

[1] APPEAL (386)—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR—
WAIVER OF OBJECTIONS.  Error cannot be assigned upon a ruling
that defendants had failed to sustain their original defense,
where at the trial the defendants abandoned the same, obtained
leave to amend by setting up a new and different defense and
later proceeded to trial thereon and failed to establish the new
defense.

[2] INDEMNITY (10-1)—DEFENSES—FAILURE TO REALIZE ON SECURITY.
It is no defense to an action upon an indemnity contract that
the plaintiff abandoned its security, where the security was
lost to the plaintiff through the assertion of the legal rights
of third persons without any negligence or violation of contract
by the plaintiff.

Appeal from a judgment of the superior court for
King county, French, J., entered November 6, 1925,
upon findings in favor of the plaintiff, in an action
upon an indemnity contract, tried to the court.  Af-
firmed.

*Clarence R. Anderson* and *Frank E. Hammond,* for
appellants.

*Karr & Gregory* and *H. G. Sutton,* for respondent.

PARKER, J.—The plaintiff casualty company com-
menced this action in the superior court for King
county seeking recovery on an indemnity contract
executed and delivered to it by the defendants, Frazier
and Anderson.  A trial upon the merits in that court,
sitting without a jury, resulted in findings and judg-
ment awarding recovery in the sum of $2,349.79, as
prayed for by the casualty company, from which
Frazier and Anderson have appealed to this court.

[1]Reported in 252 Pac. 703.

On March 29, 1921, the casualty company executed a bond in the sum of four thousand eight hundred dollars to secure the faithful performance by one Tillman of a certain construction contract. On the same day, and as an inducement to the execution of that bond by the casualty company, Frazier and Anderson executed and delivered to the casualty company the indemnity contract here in question, by which they agreed to hold harmless the casualty company from all loss it might suffer by reason of its obligation under its bond securing the faithful performance by Tillman of the construction contract. Tillman failed to perform the construction contract, and by reason thereof the casualty company ultimately became liable and was compelled to respond upon its bond.

In July, 1921, when it had become evident that Tillman had defaulted in the performance of his construction contract and the casualty company's duty looking to the fulfillment of that contract had become fixed, save as to the amount it might be compelled to expend in that behalf, which was then, however, understood to be approximately two thousand dollars, Frazier and Anderson conveyed to the casualty company their interest in two certain pieces of real property situated in King county. Whether these conveyances were made merely as security, collateral to the indemnity contract or in full satisfaction thereof, was, as the issues were originally formed in this case, the principal question; but that was not a question to be decided under the issues ultimately made by the amended pleadings, as we think will presently appear.

After the making of these conveyances, the casualty company caused the construction contract to be completed, and, in doing so, was compelled to pay out the sum of $2,349.79. The interests of Frazier and Ander-

son in the properties so conveyed by them were subject to the rights of others; one of the properties being encumbered by a mortgage and the other being owned by another person, with a mere contract right of purchase in Frazier and Anderson. Both of these properties were lost to Frazier and Anderson, and also to the casualty company, by the lawful assertion of the owners of the superior interests therein. Assuming the conveyance by Frazier and Anderson of their interests in these properties to the casualty company to be as security only, there was no agreement on the part of the casualty company to in any manner take care of or extinguish these superior interests in the properties.

We now notice the issues and the change therein occurring before the final disposition of the case. Manifestly proceeding upon the theory that these conveyances were given and received only as security and also upon the theory of abandoning such security, this action was commenced by the casualty company as an ordinary law action upon the indemnity contract, seeking recovery from Frazier and Anderson of the amount the casualty company had been compelled to pay out in satisfaction of its obligation under the bond given to secure the performance of the Tillman construction contract. Frazier and Anderson originally answered the complaint, setting up payment and discharge of all of their obligation to the casualty company by the conveyances of their interest in the two properties as above noticed; alleging that such conveyances were made and accepted in full payment and satisfaction of whatever obligation rested upon them to the casualty company under their indemnity contract. On April 16, 1925, the case proceeded to trial upon the issues so made.

When the trial was apparently nearing completion, the trial judge made some rulings and observations,

plainly indicating that he was of the opinion that the evidence clearly showed these conveyances by Frazier and Anderson to the casualty company to have been made and received only as mortgages to secure the casualty company against loss under the indemnity contract. Counsel for Frazier and Anderson then seeing that the case was going to be decided against them, if the issue remained as then before the court, that is, seeing that the court was of the opinion that the evidence showed the conveyances to have been given as security only, asked leave to amend their answer and set up a new and different affirmative defense, that is, an affirmative defense that the casualty company had become responsible for the loss of the properties conveyed by Frazier and Anderson to the casualty company as security. The court granted this request and continued the case for further trial.

Thereafter, on May 20, 1925, counsel for Frazier and Anderson filed their amended answer setting up a new and different affirmative defense, alleging in the latter "that in carrying out the terms of said indemnity agreement, and for the purpose of indemnifying the said plaintiff, the said defendants did" convey their interests in the properties; and further alleging, in substance, that their interest in the properties, over and above the rights of the mortgagee of one and the rights of the holder of the legal title of the other, was of the value of three thousand eight hundred dollars, and that the casualty company's negligence was the cause of the loss of the properties, and prayed for an affirmative money judgment against the casualty company in the sum of $1,450.21, the difference between the alleged value of their interest in the properties and the amount that the casualty company was compelled to pay in completing the Tillman construction contract.

Thereafter on June 12, 1925, the cause again came on for further trial upon the issue made by Frazier and Anderson's amended complaint and their new affirmative defense therein. It is plain from the evidence, we think, that the casualty company did not by any agreement obligate itself to go to any expense looking to the extinguishment of the superior rights in the properties; that is, the mortgage encumbrance on the one, and the legal title in the other as to which Frazier and Anderson had a contract to purchase. We think it is equally plain from the evidence that the casualty company was not in any other respect guilty of any negligent act of commission or omission, resulting in the loss of these properties.

[1] In their opening brief, the efforts of counsel for Frazier and Anderson are devoted almost wholly to the attacking of the rulings and announced views of the trial court touching the issue made by the complaint and affirmative defense set up in the original answer; that is, attacking the holding of the trial court that the conveyances were made as security only, and not as absolute conveyances in satisfaction of the obligation of Frazier and Anderson to the casualty company under their indemnity contract. In view of the fact that counsel for Frazier and Anderson did not stand upon their original affirmative defense that the conveyances were made and received in satisfaction of their obligations to the casualty company under their indemnity agreement, but voluntarily amended their answer, setting up the new and different affirmative defense, and even asking therein for an affirmative judgment against the casualty company because of its alleged negligent loss of the security, and proceeded to final trial and disposition of the case upon that theory, we do not see how they can now be heard to complain

of the rulings and holdings of the court against them
in that portion of the trial having to do with the issues
as made by their original answer and affirmative de-
fense. This court has several times held that claim of
error in the sustaining of a demurrer to a complaint
is waived by the filing of a new and amended com-
plaint. *Bell v. Waudby,* 4 Wash. 743, 31 Pac. 18; *Pres-
cott v. Puget Sound Bridge, etc., Co.,* 31 Wash. 177,
71 Pac. 772; *Reed v. Parker,* 33 Wash. 107, 74 Pac. 61;
*Hays v. Peavey,* 43 Wash. 163, 86 Pac. 170. It seems
to us that, by analogy, that rule is applicable and
determinative of this question. Manifestly, the only
theory upon which Frazier and Anderson would be
entitled to hold the casualty company liable for the
loss of the conveyed properties would be that they were
conveyed to the casualty company as security, and not
in satisfaction of the indemnity contract. We think,
therefore, they must be held to have voluntarily elected
to have ultimately sought to resist the casualty com-
pany's right of recovery because of its alleged negli-
gent loss of the security.

[2] It is contended, in behalf of Frazier and Ander-
son, upon the issues raised by the amended answer and
new affirmative defense therein, that the casualty com-
pany's negligence was the cause of the loss of the in-
terests in the properties conveyed to it as security.
We have already noticed that the casualty company
was not guilty of any act of omission or commission in
violation of any obligation resting upon it with ref-
erence to the property interests conveyed to it as
security. In its last analysis, our problem is as to the
right of the casualty company to abandon its security
and sue upon the indemnity agreement alone. Plainly,
we think, since the casualty company violated no obli-
gation resting upon it to save the security, it was free

to abandon the security without impairing its rights under the indemnity contract executed by Frazier and Anderson. *Frye v. Meyer,* 22 Wash. 277, 60 Pac. 655.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and ASKREN, JJ., concur.