[No. 24138. Department One. February 16; 1933.]

SEATTLE SAVINGS & LOAN ASSOCIATION, *Respondent*, v. GARDNER J. GWINN, INC., *Appellant*.[1]

*Allen, Froude, Hilen & Askren,* for appellant.

*Palmer, Askren & Brethorst,* for respondent.

MITCHELL, J.—Gardner J. Gwinn, Inc., hereinafter spoken of as Gwinn, Inc., on September 8, 1927, in each of two transactions borrowed from the Seattle Savings & Loan Association the sum of twenty-five thousand dollars, giving its note in that sum in each case and securing the payment of each by a mortgage

[1]Reported in 19 P. (2d) 111.

on separate real property. On October 13, 1927, Gwinn, Inc., gave a contract of sale of one property to William C. Wurnsted, and of the other piece of property to Ralph H. Rushton, each purchaser assuming and agreeing to pay the outstanding mortgage on the tract he contracted to purchase. About that time, Gwinn, Inc., conveyed both properties to Worthington Fisher Company, a corporation, since which time Gwinn, Inc., has had no interest whatever in either property, and has made no payment on either of the notes or mortgages.

In June, 1928, Wurnsted and wife quitclaimed all their interest in one property to W. H. Payne; and in 1929, W. H. Payne acquired a contract to purchase the other property from Worthington Fisher Company, which had secured from Rushton all his rights under a contract to purchase that property. Neither Worthington Fisher Company nor Payne assumed or agreed to pay the debt, or any part of it, to the Seattle Savings & Loan Association.

Because of defaults in meeting the terms of the notes and mortgages, the Seattle Savings & Loan Association brought action on the notes and to foreclose the mortgages. Gwinn, Inc., Worthington Fisher Company, W. H. Payne and wife, and William C. Wurnsted and wife were made defendants in the two cases, according to their respective legal relations or interests in the properties. Defendants Payne and wife made no appearance in the actions. The two actions were tried together and are thus presented on appeals. There was, in each case, judgment for the balance due on the promissory note against Gwinn, Inc., and also against the contract purchaser who had assumed and agreed to pay the mortgage, and also foreclosure of the mortgage and sale of the property; pro-

viding, as usual in such cases, for a deficiency judgment against Gwinn, Inc., and the contract purchaser who had agreed to pay the mortgage. Gwinn, Inc., has appealed in each case.

At the trial, counsel for the appellant offered to prove

". . . that on or about the first of October, 1930, an agreement was made—an oral agreement between Mr. Payne, the contract purchaser, and the Worthington Fisher Company, on the one hand, and the Seattle Savings & Loan Association on the other, to the effect that if they would—that is, Worthington Fisher and Payne would apply all of the net income from the property, after deducting only the operating expenses, to the Seattle Savings & Loan Association until such time as the delinquencies of principal, interest and the 1929 taxes which then existed were paid, and the Seattle Savings & Loan Association would refrain from foreclosing the mortgage and make no demand on the note or mortgage during that period,"

which offer was, in effect, repeated by an

". . . offer to prove by this witness that on or about October 1, 1930, an agreement was entered into by the Worthington Fisher Company, this being Mr. Fisher, one of the officers of that company, and W. H. Payne, who was then the contract owner of that property, by the terms of which they agreed to pay over to the Seattle Savings & Loan Association all of the net income from the property until the delinquencies on the mortgage and the 1929 taxes then existing were paid, and in consideration for that the Seattle Savings & Loan Association agreed that they would not during that time bring any suit of foreclosure of the mortgage for non-payment of principal and interest or taxes, and that the Worthington Fisher Company and Mr. Payne complied with the terms of that agreement."

Refusal by the court to admit the proof offered constitutes the basis of the assignments of error. It may

be stated at this time that, at the date of the commencement of these suits, the delinquencies referred to in the offer of proof had not been fully met by Payne and Worthington Fisher Company out of the net income from the properties, nor otherwise.

■ Appellant states two questions in its argument here. Discussing the first question, counsel say that, while the present case was pending, but before it could be presented on appeal, this court, in another case (citing it), decided this question contrary to appellant's present contention, "and although we believe the rule erroneous, we urge it no further herein." We are not inclined to further re-examine the question, and shall not further refer to this assignment of error.

■ The second question or argument is that, according to the proof offered, the agreement by which the net income from the properties was to be applied on delinquencies in the mortgage indebtedness was a binding contract, and that, until completed according to its terms, the mortgagee was not entitled to foreclose. More precisely, as counsel state it:

"Respondent had entered into a binding agreement not to foreclose its mortgages until these 1929 taxes had been paid by Payne and Worthington Fisher Company by application of the net income from the properties, and we submit respondent was bound by that agreement and could not foreclose its mortgages until the income paid by Payne and Worthington Fisher Company had been applied in payment of the 1929 taxes."

In cases of notes and mortgages, the notes represent the debts, the mortgages security for the payment of the debts. Either may be the basis of an action (*Frye v. Meyer*, 22 Wash. 277, 60 Pac. 655); and, while Rem. Rev. Stat., § 1125, provides against

the maintenance of concurrent actions, we have held that a judgment on notes secured by a mortgage would not constitute such a judgment *res adjudicata* in a subsequent action for the foreclosure of the mortgage lien, for the purpose of recovering that portion of the debt which remained unpaid under the personal judgment *(Citizens National Bank v. Abbott,* 72 Wash. 73, 129 Pac. 1085); thus showing the separate character of each obligation with respect to its being the basis of a cause of action.

At the time the contract was made by the mortgagee with Payne and Worthington Fisher Company, or at the time of the commencement of these actions, Gwinn, Inc., had no interest whatever in the lands mortgaged. Payne or Worthington Fisher Company incurred no liability on the promissory notes at any time. In purchasing the properties, as remote grantees, neither assumed or agreed to pay the notes or mortgages. Nor is there any proof that Gwinn, Inc., prior to the commencement of these actions, knew of the contract between the mortgagee and Payne and Worthington Fisher Company. Indeed, that contract was none of its business, nor was it for its benefit, because there were no contract relations, direct or otherwise, nor any contemplated, between it and Payne and Worthington Fisher Company, or either of them.

Under these facts and the statute and cases cited, it follows that, at the time these actions were commenced, the mortgagee (respondent) had the right to sue the appellant on the notes, and, so far as the appellant is concerned, that is all the suits amount to. The inclusion therein of foreclosure proceedings against the lands in which the appellant was no longer interested was of no moment or concern to the appellant, even if the suits in that respect were prema-

ture. That would affect only the owners or occupiers of the lands, who are not complaining of the judgments appealed from. The proof offered was immaterial.

Judgments affirmed.

· TOLMAN, PARKER, HOLCOMB, and MILLARD, JJ., concur.