[No. 37302.  Department One.  November 19, 1964.]

Louis Edward Sullins, Appellant, v. Muryel Evangeline Sullins, *Respondent.**

*Robert L. Butler*, for appellant.

Johnson, J.†—Appellant here, plaintiff in the trial court, brought this action against the respondent (defendant) for attorneys' fees, for services performed by Ralph B. Potts for the respondent in a divorce action, between the same parties, in the sum of $1,693.05, which claim had been assigned to the appellant by Ralph B. Potts.

The only witness for the appellant was Mr. Potts, and at the close of appellant's case, the respondent moved for

*Reported in 396 P. (2d) 886.

---

†Judge Johnson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

dismissal, which motion was granted and judgment entered.

Respondent admitted or stipulated that the services were performed and that the charges were reasonable, but denied she was indebted to Mr. Potts.

Mr. Potts testified he had not been paid; that he, for $500, assigned his claim and lien to the appellant (plaintiff's exhibit 1) and agreed to "release his lien in said cause insofar as moneys on deposit for the benefit of Dr. L. E. Sullins are concerned."

The court considered, over objection of appellant, the decree of divorce and the order supplemental to the decree of divorce which had been entered in the divorce action.

The decree of divorce provided that each party should pay his own attorneys' fees. It further provided that certain real property be placed upon the market for purpose of sale, and, from proceeds, certain deductions be made and the balance divided equally, but retained jurisdiction until sale made and distribution accomplished. The order supplementary to the decree of divorce provided that the property might be sold to Mrs. Sullins upon certain conditions and deductions, and further provided the balance shall be equally divided, subject to attorneys' lien which shall be impressed upon said real estate. It further provided that the respective attorneys shall have a lien upon the proceeds of the sale.

The respondent purchased the real estate as provided by the order and deposited a sum of money with the clerk of court, but there is no evidence as to the amount, how it was arrived at, or whether attorneys' fees were considered.

Mr. Potts released the lien, and money on deposit with the clerk was paid to appellant.

Appellant makes the following assignments of error. (1) The court erred in taking judicial notice of the decree and order supplemental to decree. (2) The court erred in admitting exhibits 4 and 5. (3) The court erred in granting respondent's motion to dismiss appellant's complaint at the conclusion of appellant's case. (4) The court erred in denying appellant's motion for reconsideration. (5) The court erred in entering judgment of dismissal.

Respondent did not file a brief or appear for oral argument.

The appellant, himself, made the decree of divorce and the order supplemental to decree of divorce a part of the record and, therefore, the appellant's first assignment of error is not well taken.

Appellant did not in his brief or in oral argument urge his second assignment of error, and, therefore, has waived the same.

Assignments of error 3, 4, and 5 will be considered as one.

The trial court apparently granted the motion to dismiss on the grounds that the release of the lien on the funds deposited with the clerk extinguished the debt.

We have held that a lien is an encumbrance upon the property as security for the payment of a debt. *Swanson v. Graham,* 27 Wn. (2d) 590, 179 P. (2d) 288; *Anderson v. Grays Harbor Cy.,* 49 Wn. (2d) 89, 297 P. (2d) 1114.

The waiver of the lien does not extinguish the debt. He may elect to abandon the security and sue upon the debt alone. *Frye v. Meyer,* 22 Wash. 277, 60 Pac. 655; *Federal Land Bank of Spokane v. Miller,* 155 Wash. 479, 284 Pac. 751; *Seattle Sav. & Loan Ass'n v. Gardner J. Gwinn, Inc.,* 171 Wash. 695, 19 P. (2d) 111; *Blaine v. Gardner J. Gwinn, Inc.,* 172 Wash. 505, 20 P. (2d) 855.

We have often held that a motion for nonsuit or dismissal admits the truth of the plaintiff's evidence and all inferences that can reasonably be drawn therefrom and requires that the evidence be interpreted most strongly against the moving party. *McBeath v. Northern Pac. R. Co.,* 32 Wn. (2d) 910, 204 P. (2d) 248; *Fossum v. Timber Structures, Inc.,* 54 Wn. (2d) 317, 341 P. (2d) 157.

We hold that the court erred in granting the motion to dismiss and in entering the judgment of dismissal.

The judgment is reversed and the cause remanded for such further proceedings as may be necessary to a complete adjudication of the issues.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.