**IOWA TRUCK CENTER, INC., Appellant,**

**v.**

**Lester DAVIS and Ray Carnes, Appellees.**

**No. 55379.**

Supreme Court of Iowa.

Feb. 21, 1973.

Bertrand E. Gionet, Des Moines, for appellant.

W. Lawrence Oliver, Des Moines, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

RAWLINGS, Justice.

Plaintiff appeals from dismissal of his replevin petition on defendants' motion. We reverse.

By its petition plaintiff alleges, in substance, (1) it is the qualified owner of a truck owned by defendants, which provisional ownership was acquired by reason of material furnished and labor performed on said truck by plaintiff at defendants' request, (2) defendants wrongfully and maliciously took the truck from plaintiff's keeping despite its refusal to surrender possession until paid the amount owing. A writ of replevin and attendant relief is accordingly sought.

Defendants' motion to dismiss asserts, in essence, plaintiff failed to state a cause of action in replevin, such remedy not being available to the holder of an artisan's lien.

In sustaining defendants' motion trial court essentially held, replevin is not available to an alleged artisan's lienholder.

Plaintiff here contends trial court erred in holding as aforesaid where plaintiff pleads possession of property on which it has an artisan's lien was not voluntarily surrendered to defendant-owner.

The issue thus presented can only be resolved by reference to certain basic pertinent principles.

■ I. Grounds of a motion to dismiss a pleading because it does not state a cause of action must be based on the contents of the pleading assailed.

■ Furthermore, a motion to dismiss admits the truth of all well-pleaded issuable and relevant facts. See In re Lone Tree Com. School Dist. of Johnson & Louisa, 159 N.W.2d 522, 525 (Iowa 1968).

■ II. Despite defendants' claim to the contrary it is axiomatic, replevin is a proceeding based on immediate right of possession of specific personalty at the time an action is commenced and one having that right may maintain such an action even against the true owner. See The Code 1971, Section 643.1(3); 1967 Senior Class of Pekin High School v. Tharp, 261 Iowa 539, 542, 154 N.W.2d 874 (1967); Marx Truck Line, Inc. v. Fredricksen, 260 Iowa 540, 546, 150 N.W.2d 102 (1967); Haack v. Rodenbour, 234 Iowa 368, 374, 12 N.W.2d 861 (1944); Richards v. Hellen, 153 Iowa 66, 73–74, 133 N.W. 393 (1911); 46 Am.Jur., Replevin, §§ 2, 23, 25; 77 C.J. S. Replevin, §§ 1, 4, 42.

■ III. And the holder of an artisan's lien has a recognized right in the specific personalty involved, commonly designated a charge, security, or encumbrance as security for payment of a debt. See Smith v. Russell, 223 Iowa 123, 129, 272 N.W. 121 (1937); Sullins v. Sullins, 65 Wash.2d 283, 396 P.2d 886, 888 (1964); 51 Am.Jur.2d, Liens, §§ 1, 2, 6; 53 C.J.S. Liens §§ 1, 2, 5; Black's Law Dictionary, "Lien", at 1072 (rev. 4th ed.).

■ IV. Consequently the immediate possessory right of an artisan's lienholder is sufficient to sustain a replevin action. See Code Chapter 577; 46 Am.Jur., Replevin, § 29; 8 Am.Jur.2d, Bailments, § 285; 8 C.J.S. Bailments §§ 35, 44c; cf. Haack v. Rodenbour, *supra*.

V. Also, as between the parties a lienholder's possessory right is neither waived nor destroyed where the involved personalty is involuntarily taken from him by the actual owner. See 51 Am.Jur.2d, Liens, § 42; 8 Am.Jur.2d, Bailments, § 231; 53 C.J.S. Liens § 17c; 77 C.J.S. Replevin §§ 53–54; 8 C.J.S. Bailments § 35(2).

In light of the foregoing, defendants' motion to dismiss should have been overruled.

Reversed and remanded.