BANK OF AMERICA NATIONAL ASSOCIATION, Plaintiff, *v.* BESSIE A. DAMES and Others, Defendants.

Supreme Court, Kings County, January 4, 1930.

*Lynn G. Goodenough*, for the plaintiff.

STRONG, J. The mortgage sought to be foreclosed contains this clause: " That in each, every and any case where, pursuant to the provisions of paragraph ' Ninth ' of this mortgage the whole of the principal sum shall become due at the option of the mortgagee, the mortgagee may, at its option elect that a part and not the whole of the principal sum secured by this mortgage shall be due and payable, such election to be made by written notice. If the mortgagee makes such election and declares a part of the principal sum due and payable, it shall in the notice herein provided for, state the amount of principal secured by this mortgage due and payable by virtue of such declaration and may foreclose this mortgage for the amount so declared due; upon such sale in such

foreclosure, the whole property shall be sold to satisfy the debt for which such foreclosure is brought, together with all interest, taxes, water rates, assessments and all other charges and expenses which may then be due and payable under the terms of this mortgage; with costs, allowances and expenses of sale, such sale to be subject and subordinate to the continuing lien of this mortgage for the amount of the debt not then due and unpaid according to its terms, and not declared in default. In the event that at any time prior to judgment in any action or proceeding brought under the foregoing provisions of this paragraph, the mortgagee shall declare the entire principal due under the terms of this mortgage, the mortgagee shall have the right to discontinue any pending action for the foreclosure of this mortgage, and shall have the right to foreclose for the entire principal so declared due. * * * Every remedy, right, privilege and/or option provided for in this paragraph, may be exercised from time to time and as occasion may arise."

The plaintiff has called $10,000 of this mortgage, as taxes have remained unpaid for a longer period than the terms of the mortgage provide. He seeks a judgment which shall provide that the sale be held " subject to the continuing lien in the amount of $333,100, of the mortgage partially foreclosed herein, with interest on said sum at the rate of six per cent per annum from the date of sale."

The referee's report upon computing shows principal sum due $10,000 and interest on the entire mortgage, amounting to $8,749.05, making a total of $18,749.05 for which the plaintiff asks " a partial foreclosure," subject to a continuing lien of $333,100 and interest. The referee also reports that the original mortgage was for $365,000. and that the principal had been reduced by payments to the sum of $343,100 and that the premises consisted of one parcel, an elevator apartment house.

The attorney for the plaintiff claims authority for the action and the form of judgment by reason of an amendment to section 1086 of the Civil Practice Act, which he drew himself and had enacted, by Laws of 1927, chapter 683. This section was amended as to title to read as follows, " Sale when mortgage debt is not all due," and by adding the following to the section, viz., " or may, at the option of the mortgagee, direct that the whole property be sold to satisfy the debt then due with the costs of the action and expenses of the sale, subject to the continuing lien of the mortgage for the amount of the debt not then due and unpaid according to its terms." The section of the Civil Practice Act appears under the general heading " action to foreclose a mortgage " (being art. 65).

The Real Property Law was not amended and has not been

amended so as to provide for partial foreclosure or for a continuing lien of the mortgage or any part thereof. Schedule " M " of section 258 of the Real Property Law (as amd. by Laws of 1917, chap. 681) gives a statutory form of mortgage, while section 254 of the Real Property Law (as amd. by Laws of 1917, chap. 682) gives the construction of clauses and covenants in mortgages and bonds. The terms of the construction provision of the Real Property Law are mandatory, while section 258 provides that " this section does not prevent or invalidate the use of other forms." There is nothing in this provision which can do more than change the form of a mortgage, from that given in Schedule " M." Plaintiff by amending the Civil Practice Act, which is similar to the Code of Civil Procedure, has not changed the existing law, or as it then existed, as to the obligation of a debt, or as to a mortgage given on real property as security for that debt. A mortgage on real property is given as an entirety which is not severable as plaintiff contends. Certain premises may or may not be included therein and certain premises may be released therefrom. An owner, mortgagor, although his ownership may be but temporary and though in a corporate name to avoid usury laws, may not change the law affecting real estate mortgages by agreement. An election to call the mortgage money, when made, must include the entire debt, regardless of the provisions of the mortgage in suit, if the mortgage is to be resorted to. If an amount less than the whole is called the collateral must be resorted to in one action and the real estate cannot be held liable for any balance claimed or due after the sale in that action. The debt may be severable but the mortgage is not, other than by release or abandonment. But one equitable action lies on the mortgage. A continuing lien as against any part of the mortgaged premises after a sale is had is not known nor can it be recognized by our courts. I do not dwell on the provisions as to election for the different callings and foreclosure suits attempted by this instrument, nor to the options claimed, nor the attempt to sell subject to the balance, and interest, as these questions are all included in the general ruling that there is no authority for the enforcement of the provisions above quoted and contained in plaintiff's mortgage. If the plaintiff were right much confusion of title and litigation would follow, and many foreclosure suits would succeed each other before final determination. Although there has been no answer served a judgment on the complaint and in the form submitted would be futile. The case of *Bank of America* v. *Tierney Sons, Inc.* (222 App. Div. 697), given as authority, did not touch the question here determined. Motion for judgment denied. Submit order.