EDGAR W. WAYBRIGHT v. D. W. TURNER

179 So. 412
Opinion Filed February 23, 1938

*Carlton C. Arnow,* for Appellant;

*Baxter & Clayton, Clara B. Floyd* and *J. Velma Keen,* for Appellee.

PER CURIAM.—In a petition for rehearing it is suggested *inter alia* that the holding in the opinion herein that the

Chancellor in failing to grant the prayer for a deficiency decree in a mortgage foreclosure, may be deemed a declination of the court to exercise its jurisdiction to enter such decree, thereby allowing a mortgagee to proceed further in collecting an unpaid part of the mortgage debt, is contrary to previous decisions of this court cited in the petition. The points made are not well taken.

Belle Mead Development Corporation v. Reed, 114 Fla. 300, 153 So. 843, is mainly relied on by petitioner to sustain his points. That case was an action at law to recover a balance due on a promissory note debt of one person after foreclosure of a mortgage upon property given by the debtor to secure the payment of the note. In the foreclosure proceedings the mortgagee prayed for a deficiency decree if the proceeds of the foreclosure sale did not pay the debt. A plea in the law action averred that a deficiency decree was refused by the court. This indicates that the court did entertain jurisdiction to grant or deny a deficiency decree. It was held on writ of error to this court that by praying for a deficiency decree the mortgagee had elected his forum and became bound by that choice. Bell Mead Dev. Corp. v. Reed, 114 Fla. 304, 153 So. 844. See also Provost v. Swanson, 109 Fla. 43, 146 So. 641, and cases cited.

In this case a joint and several note was made by two parties, Olive C. Colclough, a widow, and The Plaza Theatre Company. The mortgage to secure the payment of the note was executed by the two makers of the note, and *covered two separate parcels of land,* one parcel being the property of each of the makers of the note and mortgage. The mortgage gave a first lien upon one parcel, known as the Colclough property, and a second lien upon the other parcel of the mortgaged lands, known as the Plaza Theatre

Company property. A foreclosure of the first lien held by a third party upon the parcel known as the Plaza Theatre Company property, on which the appellee had a second mortgage lien, resulted in a surplus of $10,481.43, which was placed in the registry of the court. The appellee was made a party defendant to the above stated foreclosure because of the second mortgage he held. The appellee foreclosed his first mortgage lien upon the other parcel known as the Colclough property, such foreclosure resulting in a deficit. The owner of the Plaza Theatre Company property was not made a party to the last mentioned foreclosure suit.

The bill of complaint for foreclosing the appellee's first mortgage on the Colclough property prayed for a deficiency decree; but the court did not render a deficiency decree *in personam* against Olive C. Colclough or anyone. (The court did decree without authority, as shown by the opinion, because of the absence of proper parties, that the unpaid part of the mortgage debt, $9,923.99, with interest, was a charge on the Plaza Theatre Company property subordinate only to the first mortgage lien on that property which has been satisfied by foreclosure, leaving $10,491.43 in the registry of the court.) In view of the decree as made, the opinion of this Court correctly states that the court below declined to exercise its jurisdiction to render a deficiency decree in the cause. The decree of the chancellor was in effect a refusal to exercise the jurisdiction of the court to enter a deficiency decree as prayed for.

In the Belle Mead case the refusal of the court to render a deficiency decree is consistent with a recognition or assumption of jurisdiction upon the prayer for a deficiency decree, nothing appearing to the contrary.

In this case the portions of the decree as to the second

mortgage lien on the Plaza Theatre Company property, though erroneous, is inconsistent with a recognition or assumption of jurisdiction upon the prayer for a deficiency decree, and indicates an intent not to entertain jurisdiction upon the prayer for a deficiency decree.

The contest here is in equity over the disposition of the $10,491.43 in the registry of the court, as between the mortgage holder and the owner of the Plaza Theatre Company property.

Even if the prayer for a deficiency decree and the failure of the court to entertain jurisdiction to render a deficiency decree in foreclosing the first mortgage held by the appellee on the Colclough property, with the statement that appellee's second mortgage on the Plaza Theatre Company property remains to secure the balance of the mortgage debt, could bar an action at law against Olive C. Colclough for the deficiency, such prayer and failure of the court to entertain jurisdiction of it would not prevent the enforcement in equity of the appellee's second mortgage lien on the parcel of the mortgaged property known as the Plaza Theatre Company property, or on the surplus proceeds of the foreclosure of the first lien on such Plaza Theatre Company parcel of land after the first mortgage lien on that property is satisfied. The second mortgage lien on the Plaza Theatre Company property or the surplus proceeds of a foreclosure sale after paying the first mortgage lien, remains until the debt secured by the mortgage is paid or the mortgage lien is otherwise satisfied.

Reaffirmed on rehearing.

Ellis, C. J., and Whitfield, Terrell, Brown, Buford, and Chapman, J. J., concur.