AMANDA F. LAYDEN (UNMARRIED); RUTH LAYDEN IVEY AND HUSBAND, REDDEN IVEY; MARGARET LAYDEN, WIFE OF EDWARD LAYDEN, AND VIRGINIA LAYDEN, BY HER NEXT FRIEND, AMANDA F. LAYDEN; LLOYD LAYDEN (UNMARRIED); AND GERTRUDE LAYDEN JONES AND HUSBAND, OLIVER JONES, v. R. L. LAYDEN, H. H. LAYDEN, YVETTE L. CARTWRIGHT, WINBORNE G. LAYDEN, KENNETH C. LAYDEN, EDWIN M. LAYDEN AND DELIA P. LAYDEN.

(Filed 8 October, 1947.)

**1. Quieting Title § 2—**

Where, in an action to quiet title, plaintiffs introduce evidence tending to show title in themselves and tending to show that the purported deed held by defendants is void, the rendition of judgment as of nonsuit is error.

**2. Mortgages § 30a—**

The law does not recognize partial foreclosure, and where more than one tract of land is included in a mortgage or deed of trust, all lying in the same county, a foreclosure of one tract, either by action or exercise of the power of sale, extinguishes the mortgage or deed of trust and terminates the relationship of mortgagor and mortgagee or trustor and *cestui que trust.*

**3. Mortgages § 39e (1)—**

Plaintiffs instituted this suit to quiet title. Defendants, claiming under a trustee's deed to their ancestor, pleaded G. S., 1-47 (4), as a bar, upon their contention that their ancestor was a mortgagee or *cestui* in possession for more than ten years prior to the institution of the action. It appeared that the tracts in dispute were included with other tracts in the deed of trust, and that one of such other tracts had theretofore been foreclosed. *Held:* Upon the foreclosure of one of the tracts under the deed of trust it was extinguished, and therefore defendant's ancestor could not have been mortgagee or *cestui* in possession under a purported second foreclosure, and the statute does not apply.

**4. Adverse Possession § 13c—**

Where a trustee's deed under a foreclosure had more than seven years prior to the institution of the action is asserted as color of title, but it appears that the deed was not executed until less than four years prior to the institution of the action, claim of adverse possession under color of title must fail. G. S., 1-38.

APPEAL by plaintiffs from *Morris, J.,* at April Term, 1947, of PERQUIMANS.

Civil action to remove cloud upon title, instituted 12 September, 1946.

Amanda M. F. Layden was the owner of the two tracts of land involved in this action. She devised both tracts to her son, Charles T. Layden, for life and then to his heirs. Her will was duly probated in Perquimans County in 1901. She had only two children, Charles T. and Columbus. Charles T. never married, but Columbus married and had children, who

are the plaintiffs in this action and claim said lands as the only heirs at law of Charles T. Layden.

The defendants are the children of R. T. Layden, who died in 1945, and claim the lands under a Trustee's deed to R. T. Layden and by adverse possession.

It is admitted that the plaintiffs and the defendants claim from a common source, to wit: Amanda M. F. Layden.

The additional facts pertinent to this appeal are as follows:

1. On 1 October, 1919, Charles T. Layden executed a deed of trust on four tracts of land, including the two tracts involved herein, and designated as tracts 3 and 4, to W. F. C. Edwards, Trustee, to secure the payment of a series of notes aggregating $3,000.00, payable to R. T. Layden, the last note maturing 1 October, 1925.

2. In August, 1920, Charles T. Layden conveyed tract No. 1, described in the aforesaid deed of trust, to C. C. Colson. Colson executed a mortgage deed to Charles T. Layden securing notes aggregating $5,500.00. R. T. Layden purported to release the land conveyed from the deed of trust and in lieu thereof accepted an assignment of the notes and mortgage deed. Thereafter, on 22 March, 1922, Colson conveyed the land back to Charles T. Layden, subject to the aforesaid mortgage deed. Charles T. Layden died 22 January, 1926.

3. R. T. Layden qualified as administrator of the estate of Charles T. Layden, 28 January, 1926. The administrator advertised and foreclosed the Colson mortgage deed and had W. F. C. Edwards, Trustee, in the deed of trust, to advertise for sale the property described therein. Both sales were held on 15 May, 1926. The property described in the mortgage deed was purchased by L. N. Hollowell for $2,700.00, and only tract No. 2 was sold by the Trustee, which tract was bought by L. N. Hollowell for $600.00. Reports were duly filed showing a total of $3,117.65 was credited on the notes of Charles T. Layden.

4. On 17 January, 1927, R. T. Layden filed for registration the deed from R. T. Layden, administrator of Charles T. Layden, to L. N. Hollowell, the deed from W. F. C. Edwards, Trustee, to L. N. Hollowell, together with a deed from L. N. Hollowell and wife to R. T. Layden, conveying both the foreclosed tracts. Hollowell testified in the trial below that he bought both tracts of land for R. T. Layden at his request. These tracts are not involved in this action.

5. R. T. Layden as administrator of Charles T. Layden, filed his final account as such administrator on 28 January, 1928.

6. W. F. C. Edwards, Trustee, purports to have advertised a second time under the power of sale contained in the deed of trust, executed 1 October, 1919, tracts of land three and four, as described therein, being the lands now in controversy, for sale on 7 April, 1928, when and where

R. T. Layden is purported to have become the last and highest bidder for said lands in the sum of $1,000.00. According to the evidence, no report was made of the sale and the purchase money was not paid to the Trustee, there is no evidence showing the purchase money was ever paid, and the deed for the property was not executed and delivered to R. T. Layden by the Trustee until 1 February, 1943.

7. The defendants plead the possession of R. T. Layden, as mortgagee for more than ten years prior to the institution of this action, as a bar to the action, as provided in G. S., 1-47 (4). They also plead possession since the foreclosure sale in 1928, and adverse possession under the foreclosure sale for more than seven years, under color of title, as a bar to the action, as provided in G. S., 1-38.

The defendants moved for judgment as of nonsuit at the close of plaintiffs' evidence, the motion was denied. The motion was renewed at the close of all the evidence and allowed. The plaintiffs appeal, assigning error.

*W. A. Worth for plaintiffs.*
*W. H. Oakey and Wilson & Wilson for defendants.*

DENNY, J.   The plaintiffs and the defendants are claiming title from a common source. The plaintiffs having introduced evidence tending to show title in themselves, and having offered evidence tending to show that the purported deed to the *locus in quo,* held by the defendants, is void, they were entitled to go to the jury on the issues raised by the pleadings. Hence, the judgment as of nonsuit was erroneously entered.

The defendants' sole claim of title to the lands involved herein is based on the following grounds: (1) R. T. Layden was in possession of the premises for more than ten years prior to the institution of this action as mortgagee, and that such possession is a bar to plaintiffs' action under the provisions of G. S., 1-47 (4); and (2) That these defendants and R. T. Layden, under whom they claim, have been in possession of these lands since the foreclosure sale in 1928; and that such possession has been adverse and under color of title for more than seven years prior to the institution of this action. G. S., 1-38.

The appellees concede in their brief that prior to the enactment of Section 1, Chap. 16, of 1943 Session Laws, now a part of G. S., 45-26, unless a mortgagee was in possession, the foreclosure sale and the execution and delivery of the deed pursuant thereto, in order to be valid, must have been completed within ten years from the date the debt matured. *Spain v. Hines,* 214 N. C., 432, 200 S. E., 25. However, the appellees contend that the mortgagor and those who claim under him, were not in possession for more than ten years prior to the institution of this action,

and that the case of *Ownbey v. Parkway Properties, Inc.,* 222 N. C., 54, 21 S. E. (2d), 900, is controlling. We do not think either case is controlling on this record.

In the deed of trust executed by Charles T. Layden to W. F. C. Edwards, Trustee, to secure the indebtedness of $3,000.00, to R. T. Layden, there is no provision contained therein which authorized the Trustee to conduct more than one foreclosure sale thereunder. And when, on 15 May, 1926, the foreclosure sale was conducted pursuant to the power contained in the deed of trust, and a deed executed to the purchaser pursuant to such sale, the power of sale was executed and was thereafter *functus officio.* The law does not recognize partial foreclosure. Wiltsie on Mortgage Foreclosure (5th Ed.), Section 832, p. 1349. "The mortgage presents the phenomenon of only one debt, with only one pledge to secure it. The debt may be split into bonds, or it may be payable in a series of notes, but in a broad sense it remains true that there is one debt, which arose out of one transaction. In like manner, there is only one pledge, although there may be many parcels of land, and many types of security. It follows that a foreclosure must be of the entire security; and, no matter how many parcels of land there may be, all should be included in the suit. To do otherwise is to 'split an entire case,' and that fault is penalized, in our jurisprudence, by refusal to hear the deferred portion in a later suit. It follows that a foreclosure upon one of two parcels will preclude a later foreclosure upon the other. The only exception is where the land lies in different States." Glenn on Mortgages, Sec. 88, p. 533. We see no reason why the same principle of law should not apply to foreclosure under a power of sale. As to foreclosure of land lying in two or more counties in this jurisdiction, see G. S., 45-27.

In the case of *Bank of America Natl. Ass'n v. Dames,* 239 N. Y. S., 558, 135 Misc. Rep., 391, the Court said: "A continuing lien against any part of the mortgaged premises after a sale is had is not known nor can it be recognized by our Courts." It is the general rule that there can be only one foreclosure of a mortgage or deed of trust. *Irons v. American Natl. Bank,* 178 Ga., 160, 172 S. E., 629; *Strickland v. Lowry Natl. Bank,* 140 Ga., 653, 79 S. E., 539. "The rule is that a mortgagee may not foreclose his mortgage by piecemeal." 87 Mont., 198, 286 P., 402, citing *Marcarel v. Raffour,* 51 Cal., 242; *Tacoma, etc., Co. v. Safety Ins. Co.,* 123 Wash., 481, 212 P., 726; *Hall v. Arnott,* 80 Cal., 348, 22 P., 200; *Commercial Bank v. Kershner,* 120 Cal., 495, 52 P., 848.

It often occurs that a mortgagee elects to sell only so much of the security pledged as may be necessary to satisfy his debt, even though he is not so restricted by the mortgage or deed of trust. Such an election releases the remainder of the pledged property from the lien of the foreclosed instrument. And where a party elects to sell only a part of the

security, pursuant to the power of sale contained in his mortgage or deed of trust, he cannot thereafter assert any right under such power, even though the secured debt may not have been satisfied in full.

Applying the above principle of law to the facts in this case, we hold that R. T. Layden was not and could not have been a mortgagee in possession after the execution and delivery of the deed, made pursuant to the foreclosure sale held on 15 May, 1926. The relation of mortgagor and mortgagee was terminated upon the consummation of that sale. Hence, the purported sale on 7 April, 1928, was a nullity.

Likewise the claim of title by adverse possession under color of title for seven years prior to the institution of this action, cannot be sustained. The deed from W. F. C. Edwards, Trustee, to R. T. Layden was not executed until 1 February, 1943, and this action was instituted 12 September, 1946. G. S., 1-38; *Berry v. Coppersmith,* 212 N. C., 50, 193 S. E., 3.

The judgment of the court below is
Reversed.