## CIRCUIT COURT OF WISE COUNTY

Herman Beverly
and Mazie Beverly

v.

Sovran Bank, N.A., and
Kenneth P. Asbury, Trustee

April 12, 1989

Case No. C88-133

By JUDGE J. ROBERT STUMP

This was a judge trial at which the primary issue, one of first impression in Virginia, is may a trustee pursuant to one Virginia deed of trust conduct two separate foreclosure sales?

The court reviewed the pleadings and *ore tenus* evidence, as well as the oral arguments and briefs of counsel and makes the following findings of fact and conclusions of law.

### Facts

By standard Virginia deed of trust dated June 28, 1979, Herman and Mazie Beverly and Southern Mine Supply Co., (a family-owned corporation of the Beverlys), conveyed three separate tracts of land to Kenneth P. Asbury, Trustee, to secure a note in the sum of $120,000.00 for the benefit of Sovran Bank, N.A. (successor in interest to the Wise County National Bank). Two of the tracts were commercial real property owned by the Corporation, and the other

tract was the residential home of the Beverlys. There was a fourth tract conveyed, which is not at issue. The deed of trust was a first deed of trust to the corporate tracts and a second deed of trust to the other two tracts.

Both the grantors/debtors/co-sureties, the Beverlys and their corporation, defaulted on the bank note payments and filed bankruptcy.

The bankruptcy attorneys for the Beverlys requested Asbury Trustee to sell the corporate tracts first with the intent that the Beverlys' home be saved. Herman Beverly advised Asbury Trustee and two bank employees of probable purchasers, whom he believed would more than pay sufficient money for the corporate tracts to satisfy the note debt in full. Both Beverlys wanted to save their home from foreclosure. Asbury Trustee, who was also on retainer with bank, testified and admitted that he proceeded to the detriment of the bank and was more partial to the Beverlys in an attempt to save their home.

With the agreement of the bankruptcy trustee on March 21, 1987, Asbury Trustee, after proper notice and overwhelming advertisement, foreclosed and sold the two corporate/commercial tracts, which, to all parties' amazement, did not bring sufficient money to satisfy the debt in full.

After the corporate tracts were sold by foreclosure, Herman Beverly went to the bank to determine their deficiency and unsuccessfully attempted to borrow money to save their home.

Per instructions from the bank, the trustee subsequently gave notice of a second foreclosure on the Beverlys' residential/home tract. The Beverlys brought this action to enjoin the second foreclosure sale and quiet cloud on title. The Beverlys previously brought a similar action, which was nonsuited prior to their attorney's receipt of this court's letter opinion dated February 5, 1988, (C87-506),[1]

The Beverlys also contest the trustee's fee of $4,750.00 and a questionable judgment in favor of Pettibone in the sum of $6,531.00 withheld by the trustee (but now paid into court by the trustee pursuant to an interpleader).

---

[1] 10 Va. Cir. 394. [Reporter's Note]

## Law and Decision

For the reasons specified below, the court holds that under the facts of this case, a trustee pursuant to a Virginia deed of trust has the legal power, authority, and discretion to conduct a second foreclosure sale on a separate tract of land, when the first foreclosure sale on other tracts of land was insufficient to pay the entire indebtedness.

The issue presented is one of first impression in Virginia. There are no Virginia cases directly on point. Therefore, this court must look for guidance to Virginia statutory construction, contiguous Virginia cases, and for precedent at other state case law authorities, involving "decrees of sale" and "powers of sale" pursuant to mortgages and/or deeds of trust.

### 1. *Virginia Statutory Construction*

This court gives great weight to the written terms of the deed of trust here, which refers to and is governed by Virginia Code Sections 55-58 through 55-60. These statutes construe the rights and duties of all the parties in a deed of trust.

The purpose of the deed of trust is "to secure the performance of each of the covenants entered into by the grantor as well as the payment of the primary obligation." Va. Code § 55-59(1). Here grantors conveyed four separate tracts of land to the trustee to secure the payment of $120,000.00 to the bank. The first foreclosure sale brought $95,000.00, not a sufficient amount to satisfy the debt in full. This court opines that this statutory language intends that the trustee may sell so many of the secured tracts until the entire indebtedness is paid in full.

Virginia Code § 55-59(6) grants the trustee discretion "In the event of default . . . . may take possession of the property and proceed to sell the same at auction . . . as the trustee may select upon such terms and conditions as the trustee may deem best." This language gives the trustee broad discretionary powers, and in my opinion, grants trustee the right and discretion at subsequent

times (within reason) to sell piecemeal separate tracts secured under the same deed of trust.

A trustee under a deed of trust in Virginia is a fiduciary of both the secured party and the debtors and is bound to act impartially between them. The trustee owes a duty to both parties to obtain the best price for each piece of property upon which he forecloses. *Muller's Adm'r. v. Stone*, 84 Va. 834, 6 S.E. 223 (1888). Here trustee acted more favorable to the Beverlys, who should now not complain.

Here the Beverlys' bankruptcy attorneys and the Beverlys made it known to and persuaded the trustee to sell the corporate/commercial property first, arguing forcefully and convincingly that this foreclosure sale would satisfy the entire debt, thus avoiding the loss of the Beverly home tract. If the trustee had sold the corporate/commercial tracts and satisfied the entire debt, this would have been a benefit and an advantage to the Beverlys. However, here this did not occur, and it is only equitable to the bank/beneficiary that if the trustee's foreclosure of these two tracts did not fully satisfy the debts, then the bank/beneficiary should be able to sell the home tract included in the deed of trust to secure and satisfy the payment of the primary obligation.

*It is very important to note* that no Virginia statute prohibits a trustee from conducting more than one sale of separate tracts of property which secure the same in-debtedness. On the contrary, it is noted that no Virginia statute governing deeds of trust permit piecemeal foreclo-sures. But the statutory language granting the trustee authority to proceed "upon such terms and conditions as the trustee may deem best" has been construed by the Supreme Court of Appeals of Virginia as follows, "Obviously it was the purpose of the Legislature to have the language of the statute conform to the accepted practice, and *thus to broaden and not to restrict the powers of the trustee.*" *Woodhouse v. Harrison*, 168 Va. 574, 191 S.E. 776, 779 (1937) (Emphasis mine).

2. *Trustee's Power of Sale Has Not Terminated.*

A Virginia trustee under a deed of trust may sell either the whole property or in parcels, employing the

method that will "bring the best results," or which will "realize the largest amount of money." *Terry v. Fitzgerald*, 73 Va. (32 Gratt.) 843, 851 (1879).

It is also the trustee's duty to sell only so much of the property as is necessary to "pay the debt," or to "satisfy the terms of the trust," or sell so much of the property as may be necessary. *Michie v. Jeffries*, 62 Va. (21 Gratt.) 334 (1871).

In *Smith v. Woodward*, 122 Va. 356, at 360-361, 94 S.E. 916 (1918), a farm, a dwelling house, and factor property secured one debt. Upon default the trustee advertised all three tracts for sale. The farm was sold first and brought more than enough to satisfy the debt, but the trustee then proceeded to sell the dwelling and the factory lot. The Virginia Supreme court of Appeals set aside the sale of the dwelling house and the factory saying, *"the continued existence of the debt is essential to the continuation of the power to sale, and . . . a sale is void if made after the debt has been paid." Id.* at 371. (Emphasis mine).

The trustee can be divested of his powers and his control over the trust property by the debtor's payment of the debt. *Miller v. Mann*, 88 Va. 212, 219, 13 S.E. 337 (1891).

It follows here that the trustee considered the equities of the matter when he chose to sell the corporate/commercial tracts before offering the Beverlys home tract for sale. The sale of the first two tracts did not satisfy the debt, and the Beverlys have not satisfied it. Therefore, the trustee's power to sell Beverlys home tract has not been extinguished, since the indebtedness has not been paid in full.

Therefore, the court finds that the Beverly home tract continues to be security for the debt on the ground that the trustee still retains the legal title to this tract and still has "authority to sell and convey the equitable title to this tract which remains in the debtors" (Beverlys), *Smith*, at 370; and further that the trustee's power to sell the Beverly home tract has not been extinguished by the sale of the corporate/commercial tracts because the debt has not been paid in full. *Miller*, at 219; and *Smith*, at 371.

3. *Virginia recognizes that in a deed of trust the principal's property should be sold first to satisfy the judgment, and if not satisfied, then the sureties' property should be sold until the entire debt is paid in full.*

The Beverlys and their corporation were jointly and severally liable on the deed of trust note as makers, sureties, guarantors and endorsers. They were primary obligors (makers) and secondary obligors (sureties).

Therefore, here, when the corporate foreclosure did not satisfy the debt, the trustee has a right to sell the sureties (Beverlys) home tract to satisfy the entire debt. *See Wytheville Crystal Ice & Dairy Co. v. Frick Co.*, 96 Va. 141, 30 S.E. 491 (1898), *a deed of trust case,* where the Supreme Court of Appeals of Virginia said:

> The realty of the principal, liable to be subjected to the payment of the judgment, should have been first sold; and, if the proceeds of such sale were insufficient to pay it, the balance unpaid should have been ascertained, and apportioned equally among the sureties, unless controlled by some agreement among themselves as to their liability for the debt, which should be respected, unless it would prejudice the rights of the creditor, and a sale then ordered of the lands of each, or so much thereof as might be necessary to pay his proportionate part of the said balance; and if either should make default in the payment of his part, and his lands, when sold, should prove insufficient to pay such part, the lands of the others should be subjected proportionately for such part unpaid; and so on, proportionately, upon the further default of any party, until the lands of all have been sold, if the sale of all be necessary for the complete satisfaction of the said judgment.

*See also The Phoenix Ins. Co. v. Lester Brothers, Inc..* 203 Va. 802, 127 S.E.2d 432 (1962).

*4. A deed of trust is not a "cause of action" to which the doctrines of res judicata, splitting a cause of action, stare decisis and estoppel apply.*

These legal principles require and refer to a judicial determination. A deed of trust and the trustee's actions fall short of a judicial or quasi-judicial determination. A trustee does not consider evidence under oath at a hearing; he is a fiduciary who carries out contractual duties as set forth in the deed of trust and governing statutes. In Virginia the doctrines of res judicata, splitting a cause of action, stare decisis and estoppel do not prohibit the exercise of the trustee's powers, duties, and discretion under the Code and terms of the deed of trust.

*5. Background and distinction between deeds of trust as against mortgages and "power of sale" or "decree of sale" cases for comparison in virginia with other state cases.*

Both mortgages and deeds of trust involve a conveyance of property as security for the payment of a debt.

With a mortgage, the conveyance of property is to a creditor with a lien reserved therein and is more complicated because in the event of default, the creditor must invoke an equity court to foreclose ("decree of sale").

Whereas, it is more simple with a deed of trust, where the conveyance of property is to a trustee, who upon default may sell the property which he holds in trust and distribute the proceeds without the aid of the court ("power of sale").

Virginia adopted the more simple and inexpensive deed of trust method of securing loans at least as early as 1817. *See Hopkins v. Ward*, 20 Va. (6 Munf.) 38 (1817).

For the purposes of this opinion, the court will consider and compare cases from other states involving mortgages and deeds of trust with the "power of sale" and "decree of sale." A "power of sale" case, whether it be included in a mortgage or deed of trust, is more persuasive to this court than a "decree of sale" in a mortgage case. But the court looked closely at the important local state statutes and the fact patterns governing same under both types of sale cases.

*6. The Beverlys' reliance on Layden v. Layden, 228 N.C. 5, 44 S.E.2d 340 (1947), is misplaced.*

*Layden* dealt with sales conducted pursuant to the power of sale in a deed of trust and held that once the power of sale had been exercised in 1926 by the sale of tracts 1 and 2, it could not thereafter be exercised effectively in 1928 by a sale of tracts 3 and 4 which also had secured the same series of notes. For this reason, the parties whose claim to tracts 3 and 4 was derived from the purchaser at the second sale could not prevail.

*Layden* holds that "where a party elects to sell only a part of the security, pursuant to the power of sale contained in his mortgage or deed of trust, he cannot thereafter assert any right under such power, even though the secured debt may not have been satisfied in full"; and "the law does not recognize partial foreclosures"; and "the mortgagee may not foreclose his mortgage by piecemeal." 44 S.E.2d at 342.

In deciding this case, the *Layden* court relied on 2 Wiltsie on Mortgage Foreclosure, sec. 832 (5th ed. 1939), and on 1 Glenn on Mortgages, sec. 88. However, in this court's opinion, *that reliance was misplaced.* A review of the tables of contents of these two volumes shows that both of the treatise sections relied on by *Layden*, which involved a sale under a deed of trust, *pertain only to foreclosure by decree.* Furthermore, the texts of both sections refer to "suits," as do the Beverlys' pleadings here. A suit is required to obtain a decree of sale to foreclose a mortgage; a suit ordinarily is not required to sell property under a deed of trust. The treatise sections which should have been applied are 1 Glenn on Mortgages, secs. 98 *et seq.*, dealing with "foreclosure by power of sale," and 2 Wiltsie on Mortgage Foreclosure, secs. 851 *et seq.*, treating the "method of foreclosure by advertisement."

The decision in *Layden* apparently has not been overruled by the North Carolina Supreme Court. However, it has been superseded by a statute which specifically provides for the sale of additional property where the first sale does not bring proceeds sufficient to satisfy the obligation

secured by the instrument. *See* N.C. Gen. Stat. Secs. 45-21.8(b) and 45-21.9.

The *Layden* court (and the dissent in *Dupuy*, hereinafter discussed) relied on three California cases, which were based on a California statute, which provided that there could be no personal judgment against the mortgagor for a deficiency until the security for the mortgage had been exhausted; and that there could be only one action for the recovery of a debt secured by a mortgage of real estate. But the "one action" rule, (California Statute), which states that a mortgagee who has foreclosed on his security and obtained a judgment for any deficiency cannot thereafter sue on the note, does not apply in Virginia under the facts presented here since the issue of a deficiency has not arisen, and the bank is not attempting to sue on the note. Other cases relied on by the Beverlys: *i.e., Layden*; the dissent in *Dupuy*; and *Dooley v. Eastman*, 28 Wash. 564, 68 P. 1039 (1902), dealt with specific local state statutory laws (not similar to Virginia Statutory Law) controlling the number of foreclosures that can be held under one mortgage.

It is apparent that the North Carolina Supreme Court stretched the law to conform to hard facts wherein plaintiffs were trying -- twenty years later -- to remove a cloud on title. "Hard cases make bad law."

7. *A mortgage may be foreclosed piecemeal per "decree of sale" cases.*

The bank relies on the case of *Dupuy v. Western State Bank*, 221 Neb. 230, 375 N.W.2d 909 (1985). This court also relies on *Waybright v. Turner*, 129 Fla. 310, 176 So. 424 (1937), reaffirmed on rehearing, 131 Fla. 209, 179 So. 412 (1938). Although these two cases are mortgage "decree of sale" cases, there were no prohibiting state statutes and their fact patterns are very similar to the case at bar.

*Dupuy* involved one mortgage on separate parcels as security for a loan and held as a matter of common law, there being no statute law to the contrary in Nebraska, that the creditor could foreclose against lot 19 because his lien on this property had not been exhausted by the foreclosure on lot 1, thus allowing piecemeal foreclosures.

*Waybright* held that where one mortgage covered two pieces of property as a first mortgage on one and a second mortgage on the other, foreclosure of the mortgage against one would not prevent foreclosure against the other so long as the sum brought by the first foreclosure did not satisfy the debt in full. This case is persuasive because it appears equally as applicable to a deed of trust case where, as here, first and second deeds of trust are involved.

Further 3 Jones on Mortgages, Sec. 2094 (8th ed. 1928), says, "If one holds two mortgages on different parcels of land, or one mortgage on two parcels of land, to secure the same debt, in the absence of any equities in subsequent purchasers, he may foreclose either one without the other"; and "a foreclosure of one (of the parcels) will bar foreclosure of the other only where the land foreclosed is equal in value to the debt." Here the first foreclosure did not equal the debt since it did not fully satisfy the primary obligation.

8. *A mortgage may be foreclosed piecemeal per "power of sale" cases.*

A stronger and even more persuasive case than *Dupuy* and *Waybright* is found in *Salter v. Bank of Commerce*, 189 Ga. 328, 6 S.E.2d 290 (1939), which is a deed (mortgage, not a deed of trust) with a "power of sale" case. *Salter* (involved three lots securing one indebtedness) held that where the bank had sold one lot and that sale did not bring enough to satisfy the debt, the bank was not prohibited from selling an additional parcel of property. Georgia's deficiency judgment statute, which provided that no action may be taken to obtain a deficiency judgment unless the person instituting a foreclosure proceeding shall, within thirty days of the sale, report the sale to the court for confirmation, was held inapplicable. The Georgia Supreme Court explained that there is a fundamental difference between an action (a suit) to obtain a deficiency judgment and a "subsequent sale under power of property other than the property which at a former sale under power had failed to 'bring the amount of the debt'." 6 S.E.2d at 293.

In brief summary, there are no cases on point in Virginia. There is no Virginia Statute prohibiting a trustee

from conducting more than one sale of separate parcels of property which secure the same indebtedness. The deed of trust, providing for a sale by the trustee without the necessity of a foreclosure decree, is a more flexible instrument than a mortgage, which requires court action. Therefore, the court finds the mortgage "decree of sale" cases of *Dupuy* and *Waybright*, and the mortgage with "power of sale" case of *Salter* more persuasive than *Layden*, a deed of trust case, which is impaired by citation to the incorrect treatise authorities and which has apparently been superseded by North Carolina statute which provides for successive sales where one sale does not bring a sufficient sum to pay the indebtedness in full.

9. *Equitable and estoppel doctrines/applied to the case at bar favor the bank and trustee.*

Equitable clean hands and estoppel principles, relevant and applicable under the facts of this judicial action, convince this court to rule against the plaintiffs. The Beverlys wanted to save the foreclosure of their home. They and their bankruptcy attorneys persuaded the trustee to sell the corporate tracts first, and as it turned out, to the detriment of the bank/beneficiary. The Beverlys are estopped and should now not be allowed to argue to the contrary, thus blowing hot and cold, when it suits their sole financial purposes.

10. *Bottom line.*

The Beverlys conveyed their home to trustee to secure a debt in favor of bank. The Beverlys have not paid their debt. The trustee should be allowed to foreclose on the home to satisfy the debt. This conclusion is equitable even though trustee must foreclose a second time.

11. *Final conclusions.*

Wherefore, this court dismisses the plaintiffs' bill of complaint and authorizes the trustee to separately foreclose the Beverlys' home tract after proper notice and advertisement and assess the costs against the proceeds

for advertising on the two previously scheduled sales (but delayed by the Beverlys).

This court further finds the trustee's sale commission to be proper; and the trustee shall issue a rule to show cause to Pettibone to appear before this court in person or by affidavit to answer whether its judgment is satisfied and paid or not, and the amount thereof including interest, if any.