202 P.3d 1014 (2009)
Traci PIERSON, Appellant,
v.
Arnoldo HERNANDEZ, Respondent.
No. 27250-8-III.
Court of Appeals of Washington, Division 3.
March 12, 2009.
*1015 Stewart Robert Smith, Lacy & Kane PS, East Wenatchee, WA, for Respondent.
Robert William Sealby, Carlson McMahon & Sealby PLLC, Wenatchee, WA, for Appellant.
SCHULTHEIS, C.J.
¶ 1 RCW 4.84.250 relevantly provides that attorney fees are available to a prevailing party in cases "where the amount pleaded by the prevailing party . . . is [$10,000] or less." We must decide whether plaintiff Traci Pierson pleaded a claim in excess of $10,000 through her response to an interrogatory requesting a statement of damages pursuant to RCW 4.28.360. We hold that she did and affirm.

FACTS
¶ 2 Ms. Pierson was injured in a car accident on May 27, 2003 when Arnoldo Hernandez failed to stop for a red light and rear-ended *1016 her vehicle. Ms. Pierson filed a complaint for negligence on January 7, 2005. No dollar amount was claimed. Her request for relief included attorney fees.
¶ 3 On February 17, Mr. Hernandez served on Ms. Pierson a request for a statement of damages pursuant to RCW 4.28.360. Ms. Pierson did not respond. Later, on March 25, Ms. Pierson responded to an interrogatory propounded by Mr. Hernandez requesting that she state the amount of her damages, separately listing special and general damages, as required by RCW 4.28.360. Ms. Pierson responded that her general damages were $25,000.00 and her special damages were $6,454.73, for a total of $31,454.73. This interrogatory answer was not amended or supplemented.
¶ 4 On September 6, 2006, Mr. Hernandez served on Ms. Pierson an offer of settlement in the amount of $5,351.00. The offer was made "pursuant to the provisions of CR 68, RCW 4.84.250 and RCW 4.84.270." Clerk's Papers (CP) at 186. The offer was not accepted.
¶ 5 Two months later, on November 8, Ms. Pierson served on Mr. Hernandez her offer of settlement for $8,000.00. The offer was made "subject to the provisions of RCW 4.84.250 to 4.84.280." CP at 45, 99. The letter of transmittal also stated that if the offer was not accepted, "Ms. Pierson intends to request attorneys fees if she is deemed the prevailing party pursuant to RCW 4.84.250 to 4.84.280." CP at 46. The offer was not accepted.
¶ 6 Mr. Hernandez filed an answer to the complaint and affirmative defenses on March 23, 2007.
¶ 7 The parties were scheduled for mandatory arbitration, which was held on July 3. On July 19, the arbitrator granted Ms. Pierson an award of $24,200.74. Mr. Hernandez filed a request for trial de novo on July 25.
¶ 8 On October 12, Ms. Pierson served Mr. Hernandez with an offer to compromise the claim for $15,000.00, "pursuant to RCW 7.06.050, 7.06.060, and MAR 7.3." CP at 101. The offer was not accepted.
¶ 9 Mr. Hernandez responded on November 9, with an offer of settlement for $6,357.00. The offer was made "pursuant to the provisions of CR 68, RCW 4.84.250 and RCW 4.84.270." CP at 188. This offer was not accepted.
¶ 10 A jury trial was held on December 10-12, 2007. The jury found by special verdict that Mr. Hernandez was negligent and proximately caused injury to Ms. Pierson. Damages were awarded in the amount of $8,672.30. A judgment was entered in that amount on February 20, 2008.
¶ 11 On February 29, Ms. Pierson moved for attorney fees pursuant to RCW 4.84.250 through .280. Mr. Hernandez resisted. The trial court initially awarded a judgment to Ms. Pierson for attorney fees of $33,433.50. Mr. Hernandez moved for reconsideration, which was granted. Ms. Pierson's judgment for attorney fees was vacated. This timely appeal follows.

DISCUSSION
¶ 12 A court may award reasonable attorney fees to the prevailing party as provided by private agreement, statute, or a recognized ground in equity. Fisher Props., Inc. v. Arden-Mayfair, Inc., 106 Wash.2d 826, 849-50, 726 P.2d 8 (1986). The decision to award attorney fees under these circumstances is a question of law, which we review de novo. Schlener v. Allstate Ins. Co., 121 Wash.App. 384, 388, 88 P.3d 993 (2004).
¶ 13 The applicable attorney fee statute, RCW 4.84.250, provides:
[I]n any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is [$10,000[1]] or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.
¶ 14 The plaintiff is the prevailing party only if the plaintiff's recovery, exclusive of costs, is as much as or more than the amount *1017 offered in settlement by the plaintiff. RCW 4.84.260. The defendant is the prevailing party if the recovery is as much as or less than the amount offered in settlement by the defendant. RCW 4.84.270. Both statutes reference RCW 4.84.280, which relevantly provides that "[o]ffers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules at least ten days prior to trial."
¶ 15 RCW 4.84.250 expressly requires that the damages be "pleaded" by the plaintiff. RCW 4.28.360 expressly forbids a plaintiff from stating in the complaint the amount of damages sought. But RCW 4.28.360 also provides:
A defendant in such action may at any time request a statement from the plaintiff setting forth separately the amounts of any special damages and general damages sought. Not later than fifteen days after service of such request to the plaintiff, the plaintiff shall have served the defendant with such statement.
¶ 16 Here, Mr. Hernandez served a request for statement of damages pursuant to RCW 4.28.360 to which Ms. Pierson did not respond. Later, Mr. Hernandez propounded a set of interrogatories and production requests to Ms. Pierson. Among the requests propounded by Mr. Hernandez was an interrogatory that asked Ms. Pierson to
[s]tate with particularity the amount of damages plaintiff alleges to have sustained as a result of this incident, including a SEPARATE listing for special and general damages in terms of dollars, as required by RCW 4.28.360.
CP at 105.
¶ 17 In response, Ms. Pierson set forth:

General damages: $25,000.00
Special damages:
 Medical expenses:
 Hurst Chiropractic: $4,252.73
 CWH Family Physicians: $ 152.00
 Future medical: $1,800.00
 Deductible: $ 250.00
 ___________
 $ 6,454.73

CP at 105.
¶ 18 The Washington Supreme Court has ruled that a request for damages pursuant to RCW 4.28.360 triggers the "pleading" of damages applicable to RCW 4.84.250. Beckmann v. Spokane Transit Auth., 107 Wash.2d 785, 789, 790, 733 P.2d 960 (1987). In Beckmann, at 789, 733 P.2d 960, the court recognized the tension between RCW 4.28.360 and RCW 4.84.250:
RCW 4.28.360 prevents a party in a personal injury action from claiming a dollar amount of damages in the complaint. As the purpose of RCW 4.84.250, to encourage prompt and fair disposition of small claims, applies equally to personal injury actions, plaintiffs are put in the impossible position of not being able to avail themselves of RCW 4.84.250 because of the pleading requirements of RCW 4.28.360.
¶ 19 The defendant in Beckmann suggested that the court rule that plaintiffs be required to identify the specific attorney fee statute, RCW 4.84.250, in their complaints. That way, the defendants would be on notice as to the application of the statute while remaining compliant with the statutory prohibition on stating the amount of the claim in the complaint. RCW 4.28.360; Beckmann, 107 Wash.2d at 789, 733 P.2d 960. The Beckmann plaintiff responded that the defendant's solution placed an unfair burden on plaintiffs. Beckmann, 107 Wash.2d at 789, 733 P.2d 960. To this the court retorted:
First of all, defendants in these cases can always request plaintiffs to provide a statement of special and general damages sought pursuant to RCW 4.28.360. Secondly, the offer of settlement provided to Spokane Transit in this case occurred 11 days prior to trial, and specifically mentioned RCW 4.84.280. This provided actual notice to Spokane Transit prior to trial which was sufficient to give Spokane Transit an opportunity to settle, thereby saving both sides considerable expense.
Id. (emphasis added).
¶ 20 Later in the opinion, the court repeated its interpretation of RCW 4.84.250 and RCW 4.28.360:
Spokane Transit argues that Beckmann waived her right to attorney's fees under RCW 4.84.250 because in closing argument her attorney claimed $18,000 damages, well above the statutory limit of $5,000 (now $10,000). We do not believe this *1018 request constituted a waiver. First of all, Spokane Transit could have required Beckmann to present a dollar amount of damages sought well before trial pursuant to RCW 4.28.360. Had this amount exceeded $5,000, RCW 4.84.250 would not have applied. Secondly, the purpose of RCW 4.84.250 is to prevent trials and encourage settlements. Therefore, anything occurring during trial has no effect on the applicability of this statute. Thirdly, had Beckmann pleaded an award of $5,000, she still could have received a larger award at trial if the court believed she was entitled to it. CR 54(c); Draper Mach. Works, Inc. v. Hagberg, 34 Wash.App. 483, 663 P.2d 141 (1983).
Id. at 790-91, 733 P.2d 960 (emphasis added).
¶ 21 We find Beckmann dispositive of the issue here. Ms. Pierson pleaded a statement of damages greater than $10,000 in her response to the interrogatory. The attorney fee provisions of RCW 4.84.250 do not apply.
¶ 22 Ms. Pierson argues that the Beckmann court's reference to the availability of the statement of damages referred to in RCW 4.28.360 as a mechanism to trigger the attorney fee provisions of RCW 4.84.250 is dicta. We disagree.
¶ 23 "`Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed.'" DCR, Inc. v. Pierce County, 92 Wash.App. 660, 683 n. 16, 964 P.2d 380 (1998) (quoting State v. Potter, 68 Wash.App. 134, 149 n. 7, 842 P.2d 481 (1992)). The Supreme Court's discussion of RCW 4.28.360 in Beckmann was in response to the defendant's urged disposition of the issue. That discussion is not dictum. See Satterlee v. Snohomish County, 115 Wash.App. 229, 235-36, 62 P.3d 896 (2002) (holding that a court's rejection of a party's argument was not dicta).
¶ 24 In addressing the defendant's argument, the Beckmann court harmonized the statutory scheme. When an interpretation of a statute is essential to a judicial decision, it is not dicta. City of W. Richland v. Dep't of Ecology, 124 Wash.App. 683, 692, 103 P.3d 818 (2004) (citing Wagg v. Estate of Dunham, 146 Wash.2d 63, 73, 42 P.3d 968 (2002)).
¶ 25 The Beckmann court first noted the purpose of RCW 4.84.250to encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims. Beckmann, 107 Wash.2d at 788, 733 P.2d 960. And it observed that RCW 4.28.360 could thwart that purpose. To harmonize the statutes and their purpose, the court held that plaintiffs may avail themselves of the fee provisions of RCW 4.84.250 if they declared the damages in a statement of damages under RCW 4.28.360. Id. at 789, 790, 733 P.2d 960.
¶ 26 Next, Ms. Pierson argues that she did not "plead" her damages within the meaning of RCW 4.84.250 in her response to an interrogatory because her response is not a pleading within the meaning of CR 7(a).[2] We agree that an interrogatory is not a pleading. But we hold that a plaintiff may plead damages in a response to interrogatories that expressly request a statement of damages pursuant to RCW 4.28.360.
¶ 27 RCW 4.28.360 does not prescribe a particular form for either the request for damages or the response to one. Our courts have held that damages can be pleaded in any manner as long as the party intending to ask for attorney fees under RCW 4.84.250 has put the other party on notice or constructive notice of that intention. Schmerer v. Darcy, 80 Wash.App. 499, 510, 910 P.2d 498 (1996) (citing Beckmann, 107 Wash.2d at 789-90, 733 P.2d 960). Here, Ms. Pierson pleaded her damages in a response to a statement for damages through her interrogatory answer. RCW 4.28.360; Beckmann, 107 Wash.2d at 789, 790, 733 P.2d 960. Because the amount she pleaded was over *1019 $10,000, the attorney fee provision of RCW 4.84.250 does not apply.
¶ 28 Ms. Pierson next argues that she amended her statement of damages by making subsequent offers of settlement that she announced were made under RCW 4.84.250. Although Ms. Pierson claimed the offer was made pursuant to RCW 4.84.250, she had already unequivocally stated her damages in response to the interrogatory. Subsequent settlement offers merely indicated her willingness to settle for a lesser amount than her stated damages.
¶ 29 Ms. Pierson also contends that Mr. Hernandez should be estopped from denying that her claim is subject to RCW 4.84.250. She asserts that because Mr. Hernandez's settlement offers threatened to invoke RCW 4.84.250, she was induced to lower her offer and invoke RCW 4.84.250. Mr. Hernandez correctly states that his settlement offer purporting to invoke RCW 4.84.250 is not controlling because only a plaintiff can plead a claim for damages. Sherman v. Kissinger, 146 Wash.App. 855, 876, 195 P.3d 539 (2008).

CONCLUSION
¶ 30 Ms. Pierson pleaded the amount of her claim in an interrogatory answer. Because the amount pleaded was over $10,000, RCW 4.84.250 is inapplicable. We affirm and deny her request for attorney fees on appeal.
WE CONCUR: SWEENEY and KULIK, JJ.
NOTES
[1] The maximum amount was increased to $10,000 from $7,500 on July 1, 1985. LAWS OF 1984, ch. 258, § 88, at 1330. Prior to that time, the threshold amount was $5,000. Id.; see Beckmann v. Spokane Transit Auth., 107 Wash.2d 785, 790, 733 P.2d 960 (1987).
[2] CR 7(a) relevantly provides that pleadings consist of "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross claim, if the answer contains a cross claim; a third party complaint, if a person who was not an original party is summoned under the provisions of rule 14; and a third party answer, if a third party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third party answer."