IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LYDIA MOSE, | No. 81173-8-I |
| Appellant, | |
| | DIVISION ONE |
| CALVIN C. GRAY, | |
| Plaintiff, | |
| | UNPUBLISHED OPINION |
| v. | |
| TROY STANLEY and JANE DOE STANLEY, | |
| Respondents. | |

BOWMAN, J. — Lydia Mose sued Troy Stanley in district court for damages following a car accident. Stanley counterclaimed, alleging Mose drove negligently, seeking an unspecified amount of damages. Both parties requested attorney fees under RCW 4.84.250. And before trial, Stanley proposed exhibits showing damages less than $10,000. A jury rejected Stanley's counterclaim and found he was solely liable for the collision. The trial court denied Mose's request for attorney fees as the prevailing party on Stanley's counterclaim because Stanley did not specifically plead damages in an amount under $10,000. The superior court affirmed. Because Stanley's proposed exhibits showing damages less than $10,000 were enough to bring his claim within the statutory purview of RCW 4.84.250, we reverse and remand for further proceedings.

FACTS

Mose and her passenger Calvin Gray sued Troy Stanley and Jane Doe Stanley (collectively Stanley) in King County District Court, alleging that Stanley's negligence caused a car accident. Mose and Gray sought an unspecified amount of special and general damages for personal injuries and damages to Mose's vehicle. They also sought attorney fees, "including fees awardable under RCW 4.84.250," also known as "the small claims settlement statute."[1]

Stanley answered the complaint and asserted affirmative defenses and a counterclaim against Mose. Stanley claimed Mose's negligent driving caused the accident and resulting damages to the car he was driving.[2] Like Mose's complaint, Stanley's counterclaim did not request a specific amount of damages, but he requested attorney fees under RCW 4.84.250.

About a month before trial, Stanley proposed to admit several trial exhibits under ER 904 (admissibility of documents in a civil case). Those exhibits included an estimate of $7,568 to repair the car and a report listing the pre-collision fair-market value of the car as $2,421.[3]

After a four-day trial, the jury found the collision resulted from Stanley's sole negligence and awarded damages to Mose of $6,026.

---

[1] Target Nat'l Bank v. Higgins, 180 Wn. App. 165, 172, 321 P.3d 1215 (2014).

[2] Although Stanley's answer referred to "his" vehicle, other evidence in the record shows that he did not own the car he was driving at the time of the accident.

[3] Stanley would only be entitled to either the cost to repair the car or its pre-collision value. RCW 4.56.250(1)(a).

Mose moved for attorney fees of $107,100 under RCW 4.84.250. Mose requested fees as a "prevailing" defendant because Stanley recovered nothing on his counterclaim.[4] See RCW 4.84.270. Stanley also sought fees of almost $56,000 under RCW 4.84.250 and .030 because he obtained a directed verdict dismissing Gray's claims after Gray was unable to appear for trial.

The district court denied both requests for fees and denied Mose's motion to reconsider that ruling. The court denied her motion, in part, because it was "unable to find that [Stanley's] cause of action fell under the $10,000 limit."

Mose appealed the denial of attorney fees to the King County Superior Court.[5] Following a hearing, the superior court affirmed the decision of the district court not to award Mose fees. The superior court ruled RCW 4.84.250 "did not apply" because Stanley "never pled an amount of damages either in his counterclaim or pursuant to a request for [a] statement of damages from" Mose. Mose appealed the superior court order and we granted discretionary review.[6]

## ANALYSIS

Mose challenges the denial of her request for attorney fees under RCW 4.84.250 and .270 as a prevailing defendant because Stanley pursued an unsuccessful counterclaim and asserted less than $10,000 in damages.

---

[4] Mose also argued that she was entitled to fees as a prevailing plaintiff because her claim was within the statutory limit of $10,000 and because she made an offer of settlement before trial and obtained a verdict in excess of that amount. See RCW 4.84.250, .260, .280. Mose abandons this basis for fees on appeal.

[5] Under the Rules for Appeal of Decisions of Courts of Limited Jurisdictions, an aggrieved party may appeal a final decision of a court of limited jurisdiction to the superior court of the county in which the court of limited jurisdiction is located. RALJ 1.1, 2.1-.3.

[6] We deny Mose's RAP 17.4(b) emergency motion to supplement the record on review.

When the superior court acts in an appellate capacity, we review its decision under the standards in RALJ 9.1.[7]  State v. Thomas, 146 Wn. App. 568, 571, 191 P.3d 913 (2008).  We review the district court's decision de novo to determine whether that court made errors of law.  Kyle v. Williams, 139 Wn. App. 348, 353, 161 P.3d 1036 (2007); RALJ 9.1(a).  We sit in the same position as the superior court without deferring to the superior court's decision.  State v. Weber, 159 Wn. App. 779, 787, 247 P.3d 782 (2011).  We review the legal basis for an award of attorney fees de novo.  Hulbert v. Port of Everett, 159 Wn. App. 389, 407, 245 P.3d 779 (2011).

In Washington, courts may award attorney fees only when authorized by a private agreement, a statute, or a recognized ground of equity.  Labriola v. Pollard Grp., Inc., 152 Wn.2d 828, 839, 100 P.3d 791 (2004).  Under RCW 4.84.250, fees "shall be taxed and allowed to the prevailing party" in "any action

---

[7] In relevant part, RALJ 9.1 provides:

   **(a) Errors of Law.**  The superior court shall review the decision of the court of limited jurisdiction to determine whether that court has committed any errors of law.
   **(b) Factual Determinations.**  The superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction.
   . . . .
   **(e) Disposition on Appeal Generally.**  The superior court may reverse, affirm, or modify the decision of the court of limited jurisdiction or remand the case back to that court for further proceedings.
   . . . .
   **(h) Discretionary Review.**  The decision of the superior court on appeal is subject to discretionary review pursuant to RAP 2.3(d).

for damages where the amount pleaded by the prevailing party" is less than $10,000. RCW 4.84.250.[8]

Chapter 4.84 RCW encourages out-of-court settlements and penalizes parties who unjustifiably bring or resist small claims. Williams v. Tilaye, 174 Wn.2d 57, 61-62, 272 P.3d 235 (2012); Beckmann, 107 Wn.2d at 788; Harold Meyer Drug v. Hurd, 23 Wn. App. 683, 687, 598 P.2d 404 (1979). " 'The obvious legislative intent is to enable a party to pursue a meritorious small claim without seeing his [or her] award diminished in whole or in part by legal fees.' " Target Nat'l Bank, 180 Wn. App. at 173-74 (quoting Northside Auto Serv., Inc. v. Consumers United Ins. Co., 25 Wn .App. 486, 492, 607 P.2d 890 (1980)).

An award of fees under RCW 4.84.250 is mandatory if the prevailing party meets the conditions of the statute. Kingston Lumber Supply Co. v. High Tech Dev. Inc., 52 Wn. App. 864, 867, 765 P.2d 27 (1988). A plaintiff is the prevailing party under RCW 4.84.250 only if the recovery exceeds the amount that the plaintiff offered to settle.[9] RCW 4.84.260. A defendant, on the other hand, is the prevailing party if the plaintiff recovers nothing at trial, even if the defendant

---

[8] RCW 4.84.250 provides in full:

Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

[9] RCW 4.84.280 outlines the procedure for a settlement offer and requires that a party make the offer at least 10 days before trial. Beckmann v. Spokane Transit Auth., 107 Wn.2d 785, 787, 733 P.2d 960 (1987).

made no settlement offer.[10] RCW 4.84.270; see Puget Sound Nat'l Bank v. Burt, 56 Wn. App. 868, 871, 786 P.2d 300 (1990). While not a statutory requirement, a party may not be subject to fees under chapter 4.84 RCW unless the party received notice before trial of the potential request. Lay v. Hass, 112 Wn. App. 818, 824, 51 P.3d 130 (2002); Pub. Utils. Dist. No. 1 of Grays Harbor v. Crea, 88 Wn. App. 390, 393-94, 945 P.2d 722 (1997).

Stanley asserts RCW 4.84.250 does not apply to his counterclaim because he "did not assert any specific damages" and there was "no evidence of the actual amount" of damages he was seeking. We disagree.

In several key cases, our courts have addressed the timing, form, and content of the notice required under chapter 4.84 RCW. In Beckmann, the plaintiff sued for personal injuries and 11 days before trial, delivered to the transit authority an offer to settle for $3,000. Beckmann, 107 Wn.2d at 787. Beckmann expressly tendered the offer under RCW 4.84.280, a statute related to RCW 4.84.250. Beckmann, 107 Wn.2d at 787. After the transit authority ignored the offer, the trial court ruled in Beckmann's favor, awarded $4,360 in damages, and granted her request for fees under RCW 4.84.250. Beckmann, 107 Wn.2d at 787.

Upholding the superior court's ruling, our Supreme Court recognized that fulfilling the purpose of RCW 4.84.250 requires only "some type of notice" so that the opposing party would "realize the amount of the claim is small" and "should settle or else risk paying the prevailing party's attorney's fees." Beckmann, 107

---

[10] A defendant is also a prevailing party if the defendant makes a settlement offer and the plaintiff's award is less than the offer. RCW 4.84.270.

Wn.2d at 788-89. The court overruled prior courts holding that RCW 4.84.250 requires notice of intent to request fees in the original pleading. Beckmann, 107 Wn.2d at 788-90. The court agreed with Beckmann that her offer to settle 11 days before trial pursuant to RCW 4.84.280 was sufficient notice to the defendant that the court may impose attorney fees under RCW 4.84.250. Beckmann, 107 Wn.2d at 789-90.[11]

Similarly, in Lay, the Lays sued their neighbors over a property line dispute, seeking damages and injunctive relief. Lay, 112 Wn. App. at 821. But they did not plead a specific amount of damages in their complaint. Lay, 112 Wn. App. at 824. Two months after they moved for summary judgment but before the trial court ruled on that motion, the Lays filed a motion seeking "nominal damages" and attorney fees under RCW 4.84.250. Lay, 112 Wn. App. at 822. The court granted summary judgment for the Lays, awarded them $433 in damages, and ultimately granted their request for attorney fees. Lay, 112 Wn. App. at 822-23.

Division Two of this court affirmed. Lay, 112 Wn. App. at 825. The court held that the Lays' pretrial motion for attorney fees and damages "was sufficient notice under RCW 4.84.250 to apprise [the defendant neighbors] that the amount in controversy was only $433, the true value of their case, and that the Lays sought attorney fees only if they prevailed." Lay, 112 Wn. App. at 825. The court

---

[11] The court noted the predicament of a personal injury complainant who must notify a defendant as to the amount of claimed damages under RCW 4.84.250 but may not include the amount of damages in the complaint under RCW 4.28.360 ("In any civil action for personal injuries, the complaint shall not contain a statement of damages sought."). Beckmann, 107 Wn.2d at 789. The court, however, did not limit its holding to personal injury cases. Beckmann, 107 Wn.2d at 790.

noted that because the defendant neighbors knew of the potential for an award of fees a month before the court ruled on the summary judgment motion, they had an "opportunity to settle." Lay, 112 Wn. App. at 825.

Finally, Schmerer v. Darcy, 80 Wn. App. 499, 503-04, 910 P.2d 498 (1996), is particularly instructive because it involved a defendant's request for fees after the court dismissed the third-party plaintiffs' complaint. The third-party plaintiffs' original pleading was "silent as to the exact amount of their claim." Schmerer, 80 Wn. App. at 510. And unlike the facts here, it does not appear that any party cited RCW 4.84.250 in the pleadings. The court held that a prevailing defendant is entitled to fees under RCW 4.84.250 and .270 "if there was constructive knowledge that the amount of the claim was $10,000 or less." Schmerer, 80 Wn. App. at 509-10.[12]

It is clear from Beckmann, Lay, and Schmerer that the failure to plead an exact amount of damages does not preclude fees under RCW 4.84.250. And the exhibits Stanley submitted before trial under ER 904 showed that he sought less than $10,000 in damages. Still, Stanley claims that his proposed evidence cannot establish the value of his claim because ER 904 submissions are not "discovery responses."

Stanley's argument stems from Peirson v. Hernandez, 149 Wn. App. 297, 202 P.3d 1014 (2009). In that case, the plaintiff's complaint did not set forth the specific amount of damages she sought and she did not respond to the defendant's request for a statement of damages. Pierson, 149 Wn. App. at 300.

---

[12] Emphasis added.

But she later responded to an interrogatory and reported more than $30,000 in damages. Pierson, 149 Wn. App. at 300. The court held that the plaintiff was not entitled to an award of fees under RCW 4.84.250 because she pleaded a claim for more than $10,000 in damages. Pierson, 149 Wn. App. at 304.

Pierson asserted that the court could not rely on her discovery response to determine the value of her claim. Pierson, 149 Wn. App. at 304-05. She argued that neither a statement of damages under RCW 4.28.360 nor a response to an interrogatory could "trigger the attorney fee provisions of RCW 4.84.250," in part, because an interrogatory response is not a "pleading" under the Civil Rules. Pierson, 149 Wn. App. at 304-05. While agreeing that a discovery response is not technically a pleading, the court held that for purposes of chapter 4.84 RCW, "a plaintiff may plead damages in a response to interrogatories that expressly request a statement of damages pursuant to RCW 4.28.360." Pierson, 149 Wn. App. at 305-06.

Pierson does not hold that we can consider only pleadings and discovery responses in determining whether Stanley claimed damages less than $10,000 to bring his claim within the purview of RCW 4.84.250. Indeed, as the Pierson court expressly observed, "[o]ur courts have held that damages can be pleaded in any manner as long as the party intending to ask for attorney fees under RCW 4.84.250 has put the other party on notice or constructive notice of that intention." Pierson, 149 Wn. App. at 306.[13] Rather than the specific mechanism of pleading, our courts have focused on whether, in practical terms, the opposing party knows

---

[13] Emphasis added.

that the disputed amount is within the statutory limit. See Beckmann, 107 Wn.2d at 789-90 (settlement offer); Lay, 112 Wn. App. at 825 (pretrial motion); Schmerer, 80 Wn. App. at 510 (pleading and notice to attorney); Pierson 149 Wn. App. at 305-06 (interrogatory response). Stanley offers no reason why discovery responses are more definitive or reliable than the actual evidence he offered to admit at trial to determine the amount in controversy.

Stanley maintains that even if we consider his ER 904 submissions, the statute does not apply because his damages could have exceeded $10,000. He points out that besides suing Mose for damages arising from her alleged negligence, he raised a claim "in equity" for "contribution and/or indemnification." He claimed that if a jury found Mose liable for Gray's injuries in whole or in part, then she should have to reimburse Stanley for any amounts the court ordered him to pay to Gray. So, according to Stanley, he sought to recover more than $10,000—his damages plus Gray's.

But RCW 4.84.250 specifically applies to only an "action for damages." In determining the propriety of attorney fees under chapter 4.84 RCW, this court has defined "damages" as

> "the sum of money which the law awards or imposes as pecuniary compensation, recompense, or satisfaction for an injury done or a wrong sustained as a consequence either of a breach of a contractual obligation or a tortious act."

Davy v. Moss, 19 Wn. App. 32, 34, 573 P.2d 826 (1978) (quoting 22 AM. JUR. 2D Damages § 1 (1965)). Washington courts thus construe actions for "damages" to include those based in tort or contract but to exclude those based in equity. See T & B Wash., Inc. v. Dullanty, 3 Wn. App. 2d 447, 450, 416 P.3d 722 (2018)

10

(RCW 4.84.250 did not apply to "purely equitable" interpleader action brought by neutral party).

Stanley's indemnity/contribution claim was not an action for damages based on fault. It was a claim for reimbursement, which is equitable in nature. See Cent. Wash. Refrigeration, Inc., v. Barbee, 133 Wn.2d 509, 513, 946 P.2d 760 (1997) ("Indemnity in its most basic sense means reimbursement" and is a "separate equitable cause of action."); Kottler v. State, 136 Wn.2d 437, 441, 963 P.2d 834 (1998) ("Contribution" is the "right of one who has paid a common liability to recover a portion of the payment from another tortfeasor who shares" in the liability.) (citing BLACK'S LAW DICTIONARY 328 (6th ed. 1990)).

A court may award fees to a prevailing party under RCW 4.84.250 when the party asserting damages includes a claim for equitable relief in the same cause of action. See Hanson v. Estell, 100 Wn. App. 281, 290, 997 P.2d 426 (2000). But neither Hanson nor any other relevant authority supports Stanley's position that the amount of damages under RCW 4.84.250 includes amounts potentially available if the party prevailed in a separate equitable claim for reimbursement. The express language of the statute precludes Stanley's interpretation.[14]

---

[14] Stanley's citations to out-of-state authority interpreting different statutory language in other contexts do not persuade us. See, e.g., Hayes v. Mercy Hosp. & Med. Ctr., 136 Ill.2d 450, 454-56, 557 N.E.2d 873 (1990) (third-party actions for contribution subject to four-year Illinois statute of repose for actions against physicians and hospitals " 'based upon tort, or breach of contract, or otherwise, arising out of patient care' ") (quoting 735 ILL. COMP. STAT. 5/13-212(a) (1987)).

Mose was the prevailing party on Stanley's counterclaim and was entitled to an award of reasonable attorney fees under RCW 4.84.250. The lower courts erred in concluding otherwise.

We reverse the superior court's order affirming the denial of fees and remand to the district court for a determination and award of reasonable attorney fees, including the fees Mose incurred in appealing to the superior court. Mose is also entitled to reasonable attorney fees for this appeal under RCW 4.84.290, subject to compliance with RAP 18.1(d).

_____
Bowman, J

WE CONCUR:

_____        _____
                                        Mann, C.J.